LAND, J.
 

 This is a suit to compel the defendants to specifically perform a written agreement accepted by them relative to the sale of municipal No. 1645 Gentilly avenue, by the execution and delivery to plaintiff of an authentic act of sale.
 

 
 *267
 
 Defendants filed an exception of no right or cause of action, based on the ground that the agreement in question evidences a promise to sell in which earnest money was given to bind the sale, and is not susceptible of specific performance, as either party may withdraw from same under the provisions of article 2463 of the Civil Code.
 

 This exception was maintained in the court below, and plaintiff has appealed from a judgment rejecting her demand and- dismissing her suit.
 

 The agreement in question reads as follows: “New Orleans, April 17, 1923.
 

 “To S. Blasini:
 

 "I make this offer
 
 of ten thousand dollars for the following described property:
 

 “Known by municipal No. 1645 Gentilly street bounded by Fortin, Fair Grounds, & Savage. Terms cash, subject to a homestead loan of $7,000. Taxes of 1923 to be prorated.
 

 “Vendors to pay all necessary certificates, and collect all rents from said property
 
 up to date of signing aet of sale.
 

 “As soon as the acceptance of this offer authorized by the owner in writing,
 
 I will deposit with you $1,000.00 on account of the purchase price to bind the sale.
 
 Should I fail to make the above' deposit within 3 days, after my offer has been accepted, I obligate myself to pay you 3% commission for services rendered. Possession 90 days from April 17, 1923, free of rent, Mrs. W. E. Breaux has privilege to use 4 rooms & basement.” (Italics ours.)
 

 The above offer was accepted by defendants, the owners of the property, April 17, 1923.
 

 On May 23, 1923, plaintiff, through her attorneys, made a written demand upon the defendants, through their attorney, in which it is stated:
 

 “Mrs. Breaux deposited $1,000.00 in the hands of the real estate agent, S. Blasini.
 

 “We are directed by Mrs. Breaux to advise that unless your clients immediately advise us that they are willing to proceed with the sale
 
 that she will bring suit for the return of the deposit, together with a like amount as penalty.”
 
 (Italics ours.)
 

 On June 5, 1923, the attorney for defendants replied to the above letter, stating, among other things, that he was of the opinion that the agreement was not susceptible of specific performance.
 

 It was not until November 16, 1923, that the attorneys for plaintiff made a demand for specific performance, and the present suit to enforce this demand was not filed until May 2,1924, or more than a year after the acceptance by defendants of the original agreement.
 

 It is clear that the agreement of April 17, 1923, does not purport to be a sqle of the premises in question, but is a mere agreement to sell, on the part of defendants, accompanied with the payment by plaintiff of earnest money to bind the sale.
 

 A promise to sell an immovable for an agreed price, if in writing, may be specifically enforced under article 2462 of the Civil Code, as amended by Act 27 of 1920.
 

 “But if the promise to sell has been made
 
 with the giving of earnest,
 
 each of the contracting parties is at liberty to recede from the promise; to wit: he who has given the earnest, by forfeiting it; and he who has received it, by returning the double.” (Italics ours.) C. C. art. 2463.
 

 The instant case is similar to that of Smith v. Hussey, 119 La. 32, 43 So. 902. In that case it was held that, where the promisee agreed to deposit $300
 
 "to bind, my purchase,”
 
 and the amount was deposited with the promisor’s agent and received for his account, it will be regarded as “earnest” within the meaning of article 2463 of the Civil Code.
 

 In the Smith Case above cited it is said:
 

 “It is argued that the word ‘earnest’ is not used in the contract sued on, and hence that plaintiff presents no case, under the law on thqt subject. But the contract sued on, being a promise of sale, and not a, sale (for otherwise plaintiff would have been entitled, upon its execution, to the possession and revenues of the property), the money advanced by plaintiff to bind it was earnest, under the law, whether the parties so designated it or not, and we find no disagreement, among the French writers, and no conflict, in our jurisprudence, on that point.” Smith v. Hussey, 119 La. 38, 43 So. 904.
 

 
 *269
 
 In Maloney v. Aschaffenburg, 143 La. 509, 521, 78 So. 761, 765, the jurisprudence on the subject oí the giving of earnest money in promises of sale is reviewed in the following language:
 

 “The learned counsel for the defendant Aschaffenburg contend that the deposit sued for was not put up as earnest money, but was paid to the agents of the plaintiffs as a part of the purchase price of the property. They rely upon the decision in the- case of Provenzano v. Glaesser, 122 La. 378, 47 So. 688, where it was held that a sum of money deposited under an agreement similar to that of Aschaffenburg was not earnest money, but a part of the purchase price, and that such contract was not merely an agreement to sell, but a sale. That decision cannot possibly be reconciled with either of two others on the subject that immediately preceded it, nor with one that has been rendered since. We refer to Capo v. Bugdahl, 117 La. 992, 42 So. 478; Smith v. Hussey, 119 La. 32, 43 So. 902; Legier v. Braughn, 123 La. 463, 49 So. 22. In Capo v. Bugdahl, a contract whereby the owner said he thereby that day sold his property for $2,300, 10 per cent., or $230 of which had been paid, the balance being payable when the act would be passed, was not a sale, but only an agreement to sell; and that the amount received was earnest money. In Smith v. Hussey, and in Legier v. Braughn, agreements very similar to that of Aschaffenburg were held to be merely contracts to purchase, with the giving of earnest money. The present Chief Justice and senior Associate Justice dissented from the opinion and decree rendered in Provenzano v. Glaesser. The opinion does not conform with the views expressed in the other decisions on the subject, nor with the views of the court as now constituted, and is therefore overruled.”
 

 Aschaffenburg offered $42,000 cash for certain property, and the written agreement to buy contained the following:
 

 “This proposition is open for your acceptance until Friday, June 28th, at which time, if accepted, I will deposit in your hands 10 per cent, of the purchase price, and agree to pass the act within 60 days from notice of your acceptance.”
 

 As stated in the Aschaffenburg Case:
 

 “The giving of earnest * * * is always intended to be a part of the purchase price if .the sale be consummated; and it is, or ought to be, always intended that the sale will be consummated. Nevertheless, if earnest money has been given with an agreement to buy property, either party to the agreement is at liberty to recede from it — the one who has given the earnest, by forfeiting it, and the one who has received it by returning double the amount. R. C. C. art. 2463.” Page 522 (78 So. 765).
 

 Under the settled jurisprudence of this court, the contract sued upon is not a sale, but a mere promise to sell, accompanied with the giving of earnest money to bind the sale, and cannot be specifically enforced.
 

 Judgment affirmed.