LAND, J.
 

 In the present suit plaintiff seeks to recover judgment against the defendants, Stafford, Derbes
 
 &
 
 Roy, Inc., and Frank Dupre, its agent, individually and in solido, or, in the alternative, against Frank Dupre, in the sum of $2,500, as damages for the breach of an alleged contract of sale entered into with plaintiff.
 

 In the lower court, judgment was rendered in favor of defendants rejecting the demands of plaintiff, who has appealed.
 

 On October 6, 1925, plaintiff signed the following instrument:
 

 ' “I have this day purchased from Stafford, Derbes & Roy, Inc., for the sum of Fifty-two hundred Dollars Lots 10, 11,12 fronting West End • Shell Road, corner Eighteenth Street and Lots 13, 14, 15, 16 adjoining above lots, on Eighteenth Street, Square 12, Metaire Park Subdivision. The purchase price of $5,200 to he paid, $5,200 cash and $520 down, balance when act of sale is passed.
 
 I hereby agree to pay 6 % interest on all deferred payments and to pay such interest monthly or as agreed, and further agree to all the stipulations as set forth in the Bond of Deed of Stafford, Derbes and Roy Inc. whioh I have read. I have this day received a receipt from Stafford, Derbes and Roy Ine. for payment made by me of $
 
 —.
 

 “Not binding unless countersigned by an officer of the Company.
 

 “Act of sale to be passed within 60 days at purchaser’s choice.
 

 “Name — Chas. A. Buckman.
 

 “Address — 628 Baronne St.
 

 “Witness -
 

 “Countersigned -
 

 “I accept the above” (written in ink).
 

 
 *543
 
 Plaintiff placed the above-described property for sale with bis real estate agents, Probst & Picheloup, and on October 10, 1925, they agreed to sell the property to Joseph Corcoran for $7,200. The prospective purchaser deposited with plaintiff’s agents $720, and recorded the agreement to sell in the conveyance office for the parish of Orleans.
 

 On October 12, 1925, Stafford, Derbes & Roy, Inc., advised plaintiff of its inability to obtain title to the property from Moskau, the true owner, and returned to plaintiff the check for $520, which he had delivered on October 6. 1925, to Prank Dupre, agent of defendant company.
 

 Plaintiff alleges that, by the failure of Stafford, Derbes & Roy, Inc., to deliver to him title to the property, the contract of sale was breached, and that he has sustained the following damages:
 

 1. Loss of profit between cost price of property, $5,200 and sale to Joseph, Corcoran for $7,200 .................................... $2,000
 

 2. Cost of release of plaintiff from contract with Corcoran ............................... 600
 

 Total ..................................... $2,500
 

 Plaintiff contends primarily that defendant company entered into a contract of sale with him, which was negotiated by Prank Dupre, the duly authorized agent of the company.
 

 In the alternative, plaintiff asserts that if the agent of defendant company was without authority to make such contract, then the unauthorized act of the agent was subsequently ratified by defendant company, as principal.
 

 We cannot concur in plaintiff’s view as to the nature of the agreement in question. It is clear from the tenor of the instrument that it does not evidence a completed sale, and was not intended as such. Regardless of the initial clause, “I have this day purchased from Stafford, Derbes & Roy, Inc., Lots 10, 11, 12,” etc., the part of the agreement following shows plainly that the contracting parties intended, before the completion of the sale, that a formal act of sale should be passed within 60 days, and that the balance of the purchase price, amounting to $4,680, should then be paid.
 

 We have repeatedly held agreements containing stipulations of this kind to be mere promises to sell, when signed by the contracting parties, and the deposit put up by the prospective purchaser to be the giving of earnest money to bind the sale. C. C. art. 2463; Breaux v. Burkenstock et al., 165 La. 266, 115 So. 482; Maloney v. Aschaffenburg, 143 La. 509, 521, 78 So. 761; Smith v. Hussey, 119 La. 32, 43 So. 902; Capo v. Bugdahl, 117 La. 992, 42 So. 478; Legier v. Braughn, 123 La. 463, 49 So. 22.
 

 In the case at bar, however, the alleged agreement of October 6, 1925, cannot be considered either as a promise to sell or as an agreement to buy, as it has not been accepted by defendant company. It is plainly stated on the face of the agreement that it is “Not binding unless countersigned by an officer of the Company.” A space after the word, “Countersigned,” is provided in the agreement for the signature of the company’s officer, and such signature is absent from the agreement.
 

 The contention by plaintiff that the clause in the agreement, “Not binding unless countersigned by an officer of the Company,” was erased by Frank Dupre, the agent of defendant company, at the time plaintiff signed the instrument, is not borne out by an inspection of the original, which has been sent up in the record. This erasure is above the clause in question, and embraces only the italicized words in the agreement relating to the credit portion of the purchase price and bond for deed. The plain reason for the erasure of this part of the agreement is its irrelevancy,
 
 *545
 
 as plaintiff offered to purchase the property for $5,200 cash.
 

 The words, “I accept the above,” writ- • ten in ink in the original agreement under the word “Countersigned,” are not subscribed by Frank Dupre, agent, or by any officer of defendant company, and do not constitute an acceptance o'f the agreement either by the principal or its agent.
 

 We do not find that the agent of defendant company acted beyond the limit of his powers in obtaining the signature of plaintiff to the agreement of October 6, 1925, which evidences, as far as plaintiff is concerned, an offer to buy the property for $5,200 cash. The testimony in the ease clearly shows that defendant company’s agent was a mere solicitor of offers to purchase real estate and had no other authority. The agreement signed by plaintiff informed him on its face that the agent of defendant company had no authority to accept plaintiff’s offer, and that such offer would not be binding upon defendant company, unless countersigned by one of its officers.
 

 As the agent of defendant company acted in the premises within the scope of his authority, the doctrine of subsequent ratification by the principal of the unauthorized acts of an agent, relied upon by plaintiff, has no application to the facts of the present case.
 

 Whether defendant company owned or did not own the property which plaintiff offered to purchase is -unimportant, as such offer was not accepted by the company, and plaintiff’s cheek for the deposit made by him was returned to him.
 

 There was no contract between plaintiff and defendant company to be breached, and necessarily no cause or right of action arose from damages as the result of the failure of defendant company to obtain title to the property in question, after plaintiff’s offer to purchase same was made.
 

 Judgment affirmed.