*121
 
 OVERTON, J.
 

 Litigation, growing out of the agreement involved in this case, has been before this court on three different occasions. It was here first in the case of Southport Mill, Limited, v. Mrs. Eugene Ansley, 160 La. 131, 106 So. 720. There, the Southport Mill, Limited, sued Mrs. Ansley to rescind the agreement here involved, and to declare forfeited all of her rights under it. Judgment was rendered as prayed for, in favor of the Southport Mill, Limited. The second suit was that of the Southport Mill, Limited, v. George G. Friedrichs, 167 La. 101, 118 So. 818. There, the Southport Mill, Limited, sued Friedrichs, a real estate broker, for $5,000 which he had retained as his commission out of a deposit of $10,000, which Mrs. Ansley had made with Friedrichs, under the agreement involved here. The judgment of the trial court was reversed on appeal, and the case remanded for further proceedings. On the second appeal, which is the case of Southport Mill, Limited, v. George G. Friedrichs, 171 La. 786, 132 So. 346, the judgment of the trial court, which was in favor of Southport Mills, Limited, was affirmed.
 

 The agreement involved in those cases, and involved here, is one by which Mrs. Ansley agreed to purchase, through George G. Friedrichs, a real estate broker, the lie des Coquilles, with its contiguous lands, for the price of $100,000, of which sum $10,000 was deposited by her in the hands of Friedrichs on account of the purchase price, both parties, it is alleged, reserving the right or option to sue for specific performance. The present suit is to recover the $10,000 so deposited from the Southport Mill, Limited. Friedrichs was named as a party defendant, and the same judgment was asked against him, but since he was not cited to appear and made no appearance, he has passed out of the case. Therefore, the case is one between Mrs. Ansley and the Southport Mill, Limited.
 

 The Southport Mill, Limited, filed two exceptions fo Mrs. Ansley’s petition, one of res judicata, and the other of no cause of action. Both were sustained by the trial court, and Mrs. Ansley’s suit was dismissed. The appeal is from the judgment sustaining these exceptions.
 

 The plea of res judicata rests upon the ground that in the case of Southport Mill, Limited, v. Mrs. Eugene Ansley, 160 La. 131, 106 So. 720, the demand was for the rescission of the agreement to sell, for failure on the part of Mrs. Ansley to comply with it, and to have declared forfeited all of her rights under the agreement, which necessarily included any right she might have had to recover the $10,000 deposited on account of the purchase price. The judgment of the trial court upon this demand, which was affirmed on appeal, omitting the formal part, reads as follows:
 

 “It is ordered, adjudged and decreed that there be judgment in favor of the plaintiff, the Southport Mill, L’td., and against the defendant, Mrs. Eugene Ansley, rescinding and annulling the agreement respecting the purchase by said defendant of the lands, described in the plaintiff’s petition, and [declaring] the forfeiture of all the rights of the defendant thereunder; that the inscription of the afore- • said agreement for the purchase of said lands be erased and cancelled from the public records, as the same will be found inscribed in conveyance book 85, folio 593 of the records of this parish.”
 

 Mrs. Ansley urges that the plea of res judicata should be overruled, because the forfeiture of the deposit was not an issue in the case, and because its forfeiture was not definitely disposed of by the decree, citing Jean
 
 *123
 
 nin v. De Blanc, 11 La. Ann. 466, and Fisk v. Parker, sheriff, 14 La. Ann. 497, among other authorities.
 

 The position, so taken, is not well founded. There is a demand, not only for the rescission of the agreement to purchase; but also a demand for the forfeiture of all the rights of Mrs. Ansley, under the agreement. Opposition to the demand for forfeiture may' not have been directly made by Mrs. Ansley, but, nevertheless, the demand was made, and was before the court for disposition, and was finally disposed of. It is true that the $10,-000 deposit is not mentioned specifically in relation to the forfeiture in either the petition or the judgment rendered thereon, but the only right that Mrs. Ansley could have, which we can imagine, under the agreement, if rescinded, would be the right to the return of the $10,000 deposit. Therefore it is clear as to what was meant in demanding and allowing the forfeiture of all the rights of Mrs. Ansley, under the agreement. The $10,000 deposit, in our view, was clearly and definitely disposed of by the decree. There is, in the present suit and in the suit for the rescission and the forfeiture, the requisite identity of parties, of capacity, of object, and of cause of action, to sustain the plea of res judicata. White v. Gaines, 29 La. Ann. 769, 772; Civil Code, article 2286. The fact that Mrs. Ansley opposed the rescission of the sale did not prevent her from resisting the demand for the forfeiture. The resisting of both would have been consistent. Our conclusion is'that the plea of res judicata was' "properly sustained.
 

 Aside from the plea of res judicata, Mrs. Ansley should not recover, for her petition discloses no cause of action. The $10,000 deposited was deposited on account of the purchase price. Where one, under a contract to purchase, deposits money on account of the purchase price, the money so deposited is earnest money, though intended at the timé of the consummation of the agreement, by the passage of the sale, to be applied on the purchase price. Maloney v. Aschaffenburg, 143 La. 509, 78 So. 761; Legier v. Braughn, 123 La. 463, 49 So. 22; Terrebonne v. Gheramie, 151 La. 929, 92 So. 388. As Mrs. Ansley defaulted on her agreement to purchase, the amount deposited was forfeited to the South-port Mill, Limited, that amount being earnest money. Civil Code, article 2463. As it was so forfeited, plaintiff cannot recover it. Her petition, therefore, shows no causé of action, and the exception, to that effect, was properly sustained.
 

 The judgment appealed from is therefore affirmed.