## GOUDEAU v. DAIGLE et al.
### No. 431 Civil Action.

District Court, E. D. Louisiana, New Orleans Division.

March 4, 1941.

As Amended March 12, 1941.

C. Ellis Henican and Murray F. Cleveland, both of New Orleans, La., for plaintiff.

L. O. Pecot, of Franklin, La., and E. A. Carmouche, Jr., of New Orleans, La., for defendants.

CAILLOUET, District Judge.

The defendants move the Court "To dismiss the action because the complaint fails to state a claim against defendants upon which relief can be granted, and/or because the said complaint fails to disclose a cause and/or right of action."

The complaint, together with the copy of the written offer and acceptance declared

on, which is thereto annexed as Exhibit A and is to be read as part and parcel of said complaint, signally fails to so state a claim upon whch relief can be granted.

No more is alleged by the plaintiff in his original complaint than that on November 17, 1931, he addressed to C. E. Gardner, a real estate agent at Franklin, Louisiana, written offer to purchase the Paul J. Le-Blanc tract of land, therein described, with "tools, stock, seed and feed", and as "a walk out proposition", for the cash price of $5,000; the taxes of 1931 to be paid by the vendor, who was to furnish an abstract of title and was, also, to pay "all proper and necessary certificates."

The offer was to be binding and irrevocable until November 21, 1931, and if the same were accepted, then said Goudeau was to deposit immediately with Gardner, the agent, the sum of $15 in cash, "as part of the purchase price" and non-interest bearing. It was further stipulated that if the LeBlanc title were found not valid and so defective as not to be susceptible of validation within a "reasonable time" and at a "reasonable expense", the contract so evidenced by the offer and acceptance, would be "null and void", but "without prejudice" to the agent's commission which was to be considered earned upon acceptance of the offer; and the offeror specifically bound himself towards the agent as follows to-wit: "Should I fail to comply with the terms of this offer, if accepted, I obligate myself to pay the commission of C. E. Gardner, amounting to $250.00."

The written offer furthermore contained the following provision: "Act of sale to be passed before Margaret Wooster, Notary, within as provided on reverse hereof, at expense of purchaser, occupancy to be given immediately."

And on the reverse of the document, this appeared:

"As the purchase money is not now available to L. A. Goudeau, but is due him under the judgment in his favor in suit of L. A. Goudeau versus No. 15405 Mrs. H. E. Roach of the docket of the District Court in and for Calcasieu Parish, it is mutually agreed and understood that L. A. Goudeau is granted such time as will be necessary to collect the judgment by legal process if necessary to make this payment, but not to be paid later than December 1st, 1932.

"If payment is made any time before December 1st, 1932, L. A. Goudeau is to have the usual and customary share of the crop as rental less 8% on the purchase price."

The owner's acceptance of this offer to purchase was evidenced by the following, viz.:

"Franklin, La., Nov. 17th, 1931.

"I accept the above offer and agree to pay the commission of C. E. Gardner amounting to $250.00.

"Paul LeBlanc"

The complaint alleges that LeBlanc subsequently died; the day of death is not given, but on presentation and argument of the motion to dismiss, it was asserted that he departed this life in or about August, 1934, and by supplemental complaint filed on February 11, 1941, it is then and therein alleged that said LeBlanc died on or about August 31, 1934.

By such supplemental complaint, there is allegation that LeBlanc failed to comply with his obligation to furnish the required abstract of title, but there is none to the effect that plaintiff in anywise found fault or requested delivery; no allegation that his title was found "not valid"; no allegation that he failed to pay the 1931 taxes nor that there was ever occasion for him to pay for "all proper and necessary certificates" and that he failed to so pay; no allegation that plaintiff ever deposited $15 in cash with C. E. Gardner, Agent, "as part of the purchase price" immediately upon acceptance of the offer to purchase (although plaintiff, at the hearing herein, declared that he paid $15 cash to the now deceased LeBlanc who, of course, can not be heard on the subject, and reiterated this statement in his said supplemental complaint); and, finally, there appears no allegation— because there is no contention to that effect—that the $5,000 cash purchase price was ever paid or tendered to the owner of the property and that he refused to comply with his obligation to sell under the terms and provisions of the accepted offer to purchase.

■ Conceding that the $15 was so paid and that such payment was made in compliance with the contract terms, *this* evidences nothing more than the giving of earnest money, which the plaintiff could elect to forfeit to LeBlanc; and by defaulting on his agreement to purchase and to pay the remaining balance of $4,985 no later than December 1, 1932, he did so forfeit the same. Louisiana Revised Civil Code, Art. 2463; Livingston v. Southport Mill, Ltd., et al., 173 La. 120, 136 So. 289.

Plaintiff in this action, which was only filed on December 10, 1940—over 8 years after the expiration of the final and ultimate date in the period of grace reserved to plaintiff wherein to "make good" on his offer, and over 6 years after the death of LeBlanc—represents himself (although he affirmatively establishes his abandonment of the contract of November 17, 1931, at one and the same time) as justifiably entitled to have this Court, in its discretion, grant him a decree of specific performance, or, in the alternative, award him damages, against the widow and heirs of the deceased Paul J. LeBlanc (and Elton J. Beaullieu, assignee or transferee of said widow), when said deceased is not, in the remotest manner, charged to have been, himself, in default, beyond the charge that he failed to provide the abstract of title, as aforesaid.

Plaintiff so seeks relief at the hands of this Court because (as he alleges) he has called upon all of the present defendants to "perform", when he, said plaintiff, is *now* ready and offering to perform—over eight (8) years after the date when, according to his offer, he was to pay $5,000 cash for, and accept delivery of, the LeBlanc tract—and said defendants "are unwilling and have refused to perform". *Thus* he complains, although his pleadings assert his own abandonment of the contract, and make no attempt to establish anything more than passive default on the part of the deceased Paul J. LeBlanc.

Plaintiff plainly abandoned the contract which he now seeks to revive, and when he did, the other party contractant, apparently, acquiesced in such abandonment. LeBlanc is now dead. The value that plaintiff attaches to the LeBlanc tract is not the one suggested by plaintiff's 1931 offer to buy with "tools, stock, seed and feed" as a "walk-out proposition", and with plaintiff to receive "the usual and customary share of the crop as rental less 8% on the purchase price" should he actually pay the $5,000 cash purchase price prior to the "upset date" i. e. December 1st, 1932.

Plaintiff can not fairly be permitted to press the claim that he now seeks to urge against the present defendants. The continued development of the Charenton oil field, which was brought in on September 6, 1936—after LeBlanc's death—suggests that the value now attaching to "the property of Mr. Paul LeBlanc, East side Charenton" (as the offer to buy reads) in the mind of the plaintiff (who alleges himself to now be a citizen of the State of Texas) is probably a value entirely disassociated from that which led him to make his "walk-out" offer to purchase, in 1931.

As was said by the Supreme Court of Louisiana, in Schluter v. Gentilly Terrace Co., 164 La. 663, 114 So. 586, 587, viz.: "It is well settled that a contemplated purchaser, under an agreement to sell, who is in default because of failure to make payments in accordance with the terms of contract, cannot compel specific performance of such contract. Pruyn v. Gay, 159 La. 981, 106 So. 536; Joffrion v. Gumbel, 123 La. 391, 48 So. 1007."

And again; in the same case, viz.: "Plaintiff cannot be permitted to play the role of 'watchful waiting' all of these years, without performing his obligation, and to reap, at this late date, the benefit of it in speculative values.

"As said by this court in Joffrion v. Gumbel, 123 La. [391] 404, 405, 48 So. [1007] 1012, quoting a well-recognized rule:

" 'The general rule is that he who seeks performance of a contract for the conveyance of land must show himself ready, desirous, prompt, and eager to perform the contract on his part. Therefore unreasonable delay in doing these acts which are to be done by him will justify and require a denial of relief. No rule respecting the length of delay which will be fatal to relief can be laid down, for each case must depend on its peculiar circumstances (citing authorities).

" 'It is equally well settled that one who seeks specific performance of such a contract must institute his suit within a reasonable time, and before any material change affecting the interest of the parties has taken place. Penrose v. Leeds, 46 N.J. Eq. 294, 19 A. 134. * * *

" 'It would be an unwarrantable exercise of discretionary power to allow one holding a mere option to purchase to lie by for so long a time and speculate upon the fluctuating values of urban lots, and, after a substantial increase in their value, to enforce a conveyance in his favor at the original price now inadequate.' "

The Courts of Louisiana are extremely reluctant to enforce specific performance; the matter is, admittedly, within their discretion; and the one suing for specific performance must show that he has performed his part of the contract be-

fore he can make out a justifiable case for specific performance; or, in the alternative, for damages. Youngblood v. Daily & Weekly Signal, etc., 1930, 15 La.App. 379, 131 So. 604; Powell v. Codifer & Bonnabel, Inc., et al., 1928, 167 La. 97, 118 So. 817.

The motion to dismiss plaintiff's action, on the ground that his complaint does not justify the granting of any relief, is well founded in law and in equity; for which reason, the motion is granted, and plaintiff's action is accordingly now dismissed.