Plaintiff attempts to obtain the return of $100 paid to defendants in connection with *Page 446 
an abortive attempt to purchase a used 1939 model Buick automobile. He charges that he paid this amount on account of the purchase price of the car and that when the sale was not consummated he demanded the return of the amount which he had paid on account. He also prays for damages and attorneys' fees.
Defendants deny that there was any contract of sale and aver that the amount paid was earnest money given in connection with an agreement to sell, which never ripened into an actual sale because plaintiff failed to pay the balance which was contemplated in the agreement to sell. They aver that because of plaintiff's failure to pay the balance, he forfeited the amount which was deposited as earnest money. They aver also that, as a result of plaintiff's failure to carry out his agreement, they sustained a loss in excess of the amount of the earnest money.
There was judgment for defendants dismissing the suit and plaintiff has appealed.
Counsel for plaintiff now concedes that plaintiff is not entitled to damages nor to attorneys' fees and the sole question before us is whether plaintiff is entitled to the return of the amount paid to defendants when the agreement was entered into. Though the written agreement is not in the record, counsel agree that it reads as follows:
"Date May 3, 1947
"Received from Mr. Gabriel Searcy, Jr. The sum of One HundredDollars Deposit on 1939 Buick
Balance to be paid $__________ by May 5, 1947
Date
Purchaser Seller Gabriel Searcy Gulf Motor Co. Address __________ 2420 Canal St."
It is conceded that a few days after the second payment was to have been made, defendants sold the same automobile to a third party and, though it was at first contended that a loss had been sustained, it seems clear that the price received was the same as that which the plaintiff had agreed to pay.
Plaintiff testified, and it is not disputed, that the price agreed upon for the automobile was $895; that it was agreed that he was to pay $100 on account of the purchase price and that he paid this, and that on May 5th, two days later, he was to pay $200 in cash; that the balance was to be financed under arrangements to be made by defendants and that he was then to obtain delivery of the automobile. Plaintiff says that in payment of the $100 he turned over to defendants a check made payable to him for $100 but that at that time he did not endorse it over to defendants because he wanted to make certain that if the contract was not consummated he would not lose this amount. He says also that a representative of defendants called on him and asked him to endorse the check and that when he stated his reason for not endorsing it in the first place, he was told that he need have no worry and that if the contract was not consummated his money would be returned to him.
Defendants deny this and offer evidence tending to show that when plaintiff paid the $100 in connection with the agreement, he was warned that if he did not pay the balance when due he would forfeit the amount which he had paid. On this question we are unable to believe, after a reading of the record and after considering the circumstances, that any such warning was given and we conclude that there was no distinct or express understanding as to whether the amount paid was to be considered as earnest money to be forfeited should plaintiff default, or was to be considered as a payment on account of the purchase price. From this counsel for plaintiff argue that the contract must be considered as evidencing a complete contract of sale and not as an agreement to sell, and counsel further argue that, going a step further, if the amount is to be considered as a part of the purchase price and not as earnest money, defendants may not retain it but must return it to the plaintiff, although they may claim as damages such loss, if any, as they may have sustained if the contract was breached by plaintiff.
Counsel for defendants, on the other hand, maintain that the agreement was merely one to sell and not a contract of sale, and that when plaintiff defaulted by *Page 447 
failing to pay the balance which was due, the agreement to sell was terminated and they were within their rights in reselling the automobile and retaining the earnest money.
There is an abundance of jurisprudence on the question of the distinction between a contract of sale in connection with which a payment on account of the purchase price is made and a deposit made as earnest money in connection with an agreement to sell. We reach the conclusion that Livingston v. Southport Mills, 173 La. 120, 136 So. 289, 290, sets forth the present view on the subject and that unless there is an express stipulation to the contrary or unless the facts clearly show that the parties intended the contrary:
"* * * Where one, under a contract to purchase, deposits money on account of the purchase price, the money so deposited is earnest money, though intended at the time of the consummation of the agreement, by the passage of the sale, to be applied on the purchase price. * * *"
In a very interesting article in 6 Tulane Law Review at page 129, "Sales — Recovery of Deposit — Earnest Money — Art. 2463, La.Civil Code of 1870," appears the following:
"* * * With the exception of the case of Nosacka v. McKenzie, 1911, 127 La. 1063, 54 So. 351, following Provenzano v. Glaesser, 1908, 122 La. 378, 47 So. 688, which case was overruled in Maloney v. Aschaffenburg, 1918, 143 La. 509, 78 So. 761, the jurisprudence in Louisiana has been uniform in establishing the rule that any money deposited by the vendee at the time of the contract to sell is presumed to be earnestmoney, even though it is referred to by the parties in their contract as being paid on account of the purchase price. Collins v. Desmaret, 1893, 45 La. Ann. 108, 12 So. 121; Capo v. Bugdahl, 1906, 117 La. 992, 42 So. 478; Legier v. Braughn, 1909, 123 La. 463, 49 So. 22 * * *."
The author of that article, referring to another exhaustive discussion of the subject in 11 Loyola Law Journal 121, "The Function of Earnest Money in the Civil Law of Sales," says:
"* * * The jurisprudence since Maloney v. Aschaffenburg, supra, has so firmly established the foregoing rule, that it is now necessary for the parties, if they do not wish to forfeit the right of specific performance, to incorporate an express provision in their contract negativing any presumption that the sum deposited is earnest money. * * *"
In this latter article the author makes the following statement (page 137):
"* * * As a general statement, it may be said that there is a decided tendency on the part of the Supreme Court to construean agreement to be a promise to sell rather than a contract of sale."
But even if the amount deposited became earnest money when the contract failed of execution, we find ourselves confronted with the question of what was the effect of the resale by defendants to a third party.
We have no doubt that defendants would have been within their rights in reselling the car if before reselling it they had obtained from plaintiff an express, unequivocal statement to the effect that he could not comply with his agreement and that the car might be resold or if they had given express and unequivocal notice putting the vendee in default and setting forth an intention to resell the article. See Gilly et al. v. Henry, 8 Mart., O.S., 402, 13 Am.Dec. 291; Henderson v. United States Sheet Window Glass Co., 168 La. 66, 121 So. 576; 4 Tulane Law Review 92, "Right of the Vendor to a Resale After Title Has Passed."
But the record leaves no doubt in our minds that plaintiff did not expressly and unequivocally terminate his rights under the agreement. On the contrary, there were obviously discussions and disputes as to what were the rights of the parties to the agreement.
It thus became necessary for defendants before reselling the car to establish their right to do so. Articles 2046 and 2047 of our Civil Code control this situation. They read as follows: *Page 448 
"Art. 2046. A resolutory (dissolving) condition is implied in all commutative contracts, to take effect, in case either of the parties do not comply with his engagements; in this case the contract is not dissolved of right; the party complaining of a breach of the contract may either sue for its dissolution, with damages, or, if the circumstances of the case permit, demand a specific performance.
"Art. 2047. In all cases the dissolution of a contract may be demanded by suit or by exception; and when the resolutory condition is an event, not depending on the will of either party, the contract is dissolved of right; but, in other cases, it must be sued for, and the party in default may, according to circumstances, have a further time allowed for the performance of the condition."
In Southport Mill, Limited v. Ansley, 160 La. 131,106 So. 720, the Supreme Court considered the effect of these articles in a contract presenting facts somewhat similar to those before us, though involving real estate, and said that legal action is necessary to terminate such a contract.
In 4 Tulane Law Review 94 appears the following:
"* * * The Louisiana Civil Code clearly and without ambiguity provides that a dissolution of a sale can be effected only through the medium of the courts, and cannot take place by virtue of the will of one of the parties. * * * ".
The only distinction between a case involving an immovable and one in which a movable is the subject of an agreement seems to be that where an immovable is the subject of the contract, if suit is brought to dissolve the contract because of default, the court is given discretion to grant additional time for performance. See 4 Tulane Law Review 97. In this very comprehensive article the author discusses the effect of a resale by the vendor where the vendee has failed to pay the purchase price agreed upon and says that it seems to be established in Louisiana that whether the contract be one "of sale" as a result of which title has passed to the vendee or merely an agreement to sell, as a result of which title would not be passed until payment of the purchase price, the result is the same and that if there has not been an express and unequivocal agreement by the defendant or an express notice of intention to resell if the vendee does not comply with his agreement, the only remedy is for the vendor to resort to legal action to dissolve the contract and thus obtain the right to resell. If this is true then it matters not whether the contract involved here was an agreement to sell or was a contract of sale. This rule was followed in a case in which the Supreme Court held that the contract was one "to sell" and not "of sale" for in Southport Mills v. Ansley, supra, the court said that the contract was "a mere offer to sell" and "did not purport to transfer title," and then held that legal action was necessary to dissolve it. For very interesting discussions of this question see the articles already referred to in 6 Tulane Law Review 129 and 11 Loyola Law Journel 121. See also Mossy Motors v. McRedmond, La. App., 12 So.2d 719.
Our conclusion is that whatever might have been the rights of defendants to retain the deposit had they brought suit to dissolve the contract or had they obtained the express and unequivocal agreement of plaintiff to consider the contract as dissolved, or had they expressly put the vendee on notice of intention to resell, they had no right on their own "ipse dixit" to declare the contract breached, to resell the automobile, and to retain the amount of the deposit. It may well have been that, had they brought suit to dissolve the contract, plaintiff could have been able to show that the contract was not breached as a result of his fault. On the other hand, when plaintiff brought this suit it may be that defendants, as provided in Article 2047 of the Civil Code, may have "demanded * * * by exception" that the contract be considered dissolved. Had they done so successfully, they could then have had the right to resell the automobile and, under the authority of Livingston v. Southport Mill, supra, they might have had the right to retain the amount deposited. But having resold the automobile without their right having been expressly agreed to or judicially recognized, they have, we think, *Page 449 
lost the right to retain the amount of this deposit. If, as a result of the breach of the contract, they are entitled to damages that is a matter with which we are not concerned at this time.
The judgment appealed from is annulled, avoided and reversed and there is now judgment in favor of plaintiff and against defendants in the full sum of $100.00 with legal interest from judicial demand. Cost to be paid by defendants.
Reversed.