493 So.2d 268 (1986)
Danny Ray BOUNDS, et ux, Plaintiff-Appellee,
v.
John MAKAR, Defendant-Appellant.
No. 85-763.
Court of Appeal of Louisiana, Third Circuit.
August 21, 1986.
*269 John Makar, Natchitoches, for defendant-appellant.
Bethard and Davis, James G. Bethard, Coushatta, for plaintiffs-appellees.
Donald G. Horton, Coushatta, for defendant-appellee.
Before STOKER and YELVERTON, JJ., and BERTRAND, J. Pro Tem.[*]
LUCIEN C. BERTRAND, Jr., Judge Pro Tem.
Defendant appeals a jury verdict in favor of plaintiff. Plaintiff[1] Danny Ray Bounds originally instituted this action to enforce specific performance of a contract. On February 18, 1983 plaintiff and defendant John Makar, an attorney at law, entered into an agreement wherein plaintiff agreed to sell to defendant all his interest in the J.W. Coats No. 1 well and lease for $70,000.00 cash. This well and lease were described therein as located on the Northwest Quarter of the Southwest Quarter and the North Quarter of the Southwest Quarter of Section 30, Township 11 North, Range 9 West, Red River Parish, Louisiana. Defendant gave plaintiff a $500.00 "deposit on purchase price" at the time the agreement was executed. This agreement was executed at the office of the president of the American Bank & Trust Company of Coushatta which held a mortgage on the lease.
Defendant subsequently refused to complete the sale because of an alleged error in the description. Defendant claimed he was under the impression, at the time he signed the agreement, that he was to acquire a lease on 160 acres. Plaintiff owned an interest in only 80 acres. Plaintiff filed this suit for specific performance and obtained a jury trial on the issues. Defendant took the position that as a result of the claimed error, the contract should be abrogated for error of fact. Defendant made a third-party demand against the American Bank & Trust Company and its president, Keith S. Hays, claiming these defendants supplied erroneous representations, in relation to the property, on which he relied.
After a trial on the merits, the jury decided in favor of plaintiff and dismissed the third-party demands against the bank and its president. The jury allowed defendant 30 days in which to pay plaintiff the balance of $69,500.00.
In this Court, the defendant filed an exception of no cause of action.
There is little doubt that we are bound by the jury's finding of fact on the question of the existence of error in the agreement *270 based as it is on their assessment of the credibility of the witnesses. After reviewing plaintiff's petition with its attached exhibits, we are constrained to hold that plaintiff has failed to state a cause of action for specific performance.
While a sale is an executed contract, an agreement to sell is an executory contract. Consolidated Cos. v. Laws, 11 La.App. 676, 124 So. 775 (1st Cir.1929). A binding bilateral agreement for the sale of immovables is a contract to sell, and not a sale, unless the vendor has passed an act translative of title. The parties must clearly intend that title pass immediately in order that the contract constitute a sale; otherwise it will be considered a contract to sell. Neither consent, nor delivery, nor payment of price suffice to transfer the ownership of immovable property. There must be a deed translative of title. Trichel v. Home Ins. Co., 155 La. 459, 99 So. 403 (1924); Noto v. Blasco, 198 So. 429 (La. App. 1st Cir.1940); Dixon v. Zemurray, 82 So.2d 281 (La.App. 1st Cir.1955). Plaintiff has styled his suit a petition for specific performance. From a careful evaluation of the language of the petition and the attached exhibits, it is apparent that the parties confected a contract to sell in which defendant gave plaintiff a $500.00 deposit. The agreement in question reads as follows:
 18 Feb. 1983
"To John Makar
I agree to sell you all my interest in the J.W. Coates # 1 Well and Lease on the NW 1/4 of the SW 1/4 and the N 1/4 of SW 1/4 of Sec. 30 T(ownship) 11 N, R 9 W Red River Parish for $70,000 cash, payable on or before one week from date hereof. I acknowledge receipt of $500.00 deposit on purchase price which will be refunded if title proves defective and cannot be corrected within 30 days of notice."
The agreement between the parties clearly contemplated a conditional agreement to sell, not transferring title but importing an obligation to make such transfer on compliance with the condition stipulated i.e. good and merchantable title. This reference to title, which is to be determined at a future time, clearly shows that the contract was not translative of property. Plaintiff himself acknowledged that a further agreement was contemplated by the parties. Paragraph 5 of his petition for specific performance states, "Petitioners have stood ready and willing to execute any assignments or other documents necessary to complete the transaction as set forth in the contract ..." (Emphasis added.) Furthermore, in a demand letter of March 3, 1983 plaintiff's counsel stated, "Please accept this letter as notice that Danny Bounds is hereby offering and tendering to you all his interest in the J.W. Coats Well and Lease, all in accordance with the February 18, 1983 agreement. Danny Bounds is available and willing to execute any documents necessary to convey to you all of his interest in and to the described property...
"If you wish to prepare the instruments for his signature, please do so and send me copies so I can approve them. If you would prefer that we prepare the instruments, we will do so."
Based on his jury instructions, it is apparent that the trial judge regarded the agreement as a contract of sale whereas we find the agreement to be a contract to sell. It is clear that the parties contemplated the subsequent instrument indispensable for the transfer of title and not merely a confirmation of this agreement.
At present there is a judicial presumption that any deposit made pursuant to a contract to sell is earnest money within the meaning of LSA-C.C. Art. 2463 unless the parties have expressly stipulated to the contrary. Houston v. Edgemon, 367 So.2d 151 (La.App.2d Cir.1979); Mexic Bros., Inc. v. Sauviac, 191 So.2d 873 (La.App. 4th Cir.1966); Lastie v. Cortinas, 39 So.2d 463 (La.App.Orl.1949); Livingston v. Southport Mill, 173 La. 120, 136 So. 289 (1931); Breaux v. Burkenstock, 165 La. 266, 115 So. 482 (1928); Maloney v. Aschaffenburg, 143 La. 509, 78 So. 761 (1918). Money deposited on account of the purchase price under a contract to sell, although described *271 as or intended at the time of the consummation of the sale to be applied on the purchase price, is earnest money. Livington v. Southport Mill, 173 La. 120, 136 So. 289 (1931); Breaux v. Burkenstock, supra; Maloney v. Aschaffenburg, supra. The giving of earnest money is equivalent to a stipulation for liquidated damages which bars the remedy of specific performance should either party decide to recede and thereby forfeit the amount of the deposit. 26 Tulane Law Review 498; Ducuy v. Falgoust, 228 La. 533, 83 So.2d 118 (1955).
In order to enforce specific performance of a purchase agreement or a contract to sell, the contract itself must provide for the right to specific performance. This prevents the purchaser's deposit from being regarded as earnest money. LSA-C.C. 2463; Dunaway v. Woods, 470 So.2d 574 (La.App. 1st Cir.1985); Crow v. Monsell, 200 So.2d 700 (La.App. 2d Cir. 1967), writ refused, 251 La. 226, 203 So.2d 558 (1967). This reservation of a right to specific performance is not present in the instant contract to sell.
For the foregoing reasons this Court, on its own motion does sustain an exception of no cause of action and dismisses plaintiff's suit. Costs to be paid by Appellees.
REVERSED.
NOTES
[*] Judge Lucien C. Bertrand, Jr. of the Fifteenth Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] Danny Ray Bounds and his wife appear as parties plaintiff. However, for the purpose of this decision the Court will simply refer to the parties as plaintiff.