KNOLL, Judge.
Sunbelt One (Sunbelt), a Louisiana partnership in commendam, appeals a trial court judgment dismissing its petition for specific performance and damages against Cenia Associates (Cenia), a Louisiana general partnership, on a motion for summary judgment. The trial court ruled that the parties’ purchase agreement did not call for specific performance and the $20,000 deposited by Cenia as a credit toward the purchase price constituted earnest money. Sunbelt contends the trial court erred in granting Cenla’s motion for summary judgment and in failing to consider part of Cenla’s deposit partial performance of the purchase contract. We affirm.
FACTS
On August 24, 1984, Cenia entered into an agreement to purchase the El Conquistador Apartments in Shreveport from Sunbelt for 2.9 million dollars. Cenia agreed to deposit $10,000 with Sunbelt to be applied to the purchase price, and if title to the property was merchantable, the deed was to be executed on or before January 15, 1985. Cenia further agreed to forfeit the $10,000 deposit upon failure to close the sale by January 15, 1985. On September 25, 1984, the parties agreed to an addendum to the original agreement whereby Cenia could extend the original agreement’s closing date, if more time was needed, by thirty (30) days by making an additional deposit of $10,000 which would be applied to the purchase price. Pursuant to the addendum Cenia timely requested and was granted an extension to close the sale from January 15, 1985, to February 14, 1985. Cenia failed to attend the sale and voluntarily forfeited its $20,000 deposit.
Sunbelt then filed suit against Cenia for specific performance of the purchase agreement. Cenia answered the law suit specifically responding that it forfeited its deposit and Sunbelt was not entitled to specific performance. Both parties subsequently filed motions for summary judgment, contending that there were no genuine issues of material fact and that they were entitled to judgment as a matter of law.
SUMMARY JUDGMENT
Sunbelt contends that the trial court erred as a matter of law when it failed to characterize Cenla’s cash deposit of $10,-000, given as consideration to extend the closing date for the sale, as a partial performance of the contract, entitling it to specific performance under LSA-C.C. Art. 2462. It does not contest any of the material facts.
A motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is *707 entitled to judgment as a matter of law. LSA-C.C.P. Art. 966; Chaisson v. Domingue, 372 So.2d 1225 (La.1979). Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted. Andrew Development Corp. v. West Esplanade Corp., 347 So.2d 210 (La.1977).
The following Civil Code Articles are pertinent to this issue:

LSA-C.C. Art. 2⅛62

“A promise to sell, when there exists a reciprocal consent of both parties as to the thing, the price and terms, and which, if it relates to immov-ables, is in writing, so far amounts to a sale, as to give either party the right to enforce specific performance of same.

One may purchase the right, or option to accept or reject, within a stipulated time, an offer or promise to sell, after the purchase of such option, for any consideration therein stipulated, such offer, or promise can not be withdrawn before the time agreed upon; and should it be accepted within the time stipulated, the contract or agreement to sell, evidenced by such promise and acceptance, may be specifically enforced by either party. ”

LSA-C.C. AH. 2Jt63

“But if the promise to sell has been made with the giving of earnest, each of the contracting parties is at liberty to recede from the promise; to wit: he who has given the earnest, by forfeiting it; and he who has received it, by returning the double.”

There is a judicial presumption that any deposit made pursuant to a contract to sell is earnest money unless the contracting parties have expressly stipulated to the contrary. Bounds v. Makar, 493 So.2d 268 (La.App. 3rd Cir.1986); Haeuser v. Schiro, 235 La. 909, 106 So.2d 306 (1958). Money deposited on account of the purchase price under a contract to sell, although described as or intended at the time of consummation of the proposed sale to be applied on the purchase price, is earnest money. Livingston v. Southport Mill, 173 La. 120, 136 So. 289 (1931). The giving of earnest money is related to a stipulation for liquidated damages which bars specific performance by either party should the intended contract of sale not be consummated. Accordingly, where the presumption of earnest money applies, the remedy afforded the parties is forfeiture of the deposit by the proposed vendee or the return of double by the proposed vendor. C.C. Art. 2463. In order to enforce specific performance on a purchase agreement or contract to sell when the purchaser has made a deposit, the contract itself must provide that each party has the right to specific performance. Crow v. Monsell, 200 So.2d 700 (La.App. 2d Cir.1967), writ denied, 251 La. 226, 203 So.2d 558 (1967).
In the case sub judice it is undisputed that in the contract to sell between Cenia and Sunbelt there is neither a provision indicating that the deposits were not earnest money nor language reserving either parties’ right to demand specific performance.
Sunbelt urges us to construe Cen-la’s second deposit of $10,000 as partial performance of the purchase contract. Relying on Lulich v. Robin, 466 So.2d 780 (La.App. 4th Cir.1985) and Stipelcovich v. Mike Persia Chevrolet Co., 391 So.2d 582 (La.App. 4th Cir.1980), Sunbelt argues that after the contract to sell is entered into by the parties any amount of money paid by the purchaser can only be a partial performance on his part unless the parties agreed to modify the terms of the original contract. Sunbelt’s reliance on Lulich and Stipelcovich is misplaced. Both cases are distinguishable from the case sub judice because, unlike the present facts, the contract to sell was entered into prior to the deposit of any money. In the present case Sunbelt admits in brief that Cenla’s initial deposit was indeed earnest money.
Accordingly, we find, as did the learned trial court, that Cenla’s deposits represented earnest money. Therefore, as a matter of law Sunbelt’s only remedy is the forfei *708 ture of Cenla’s $20,000 earnest money deposit.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Sunbelt One.
AFFIRMED AND RENDERED.