STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-1299


ROXANN ROBAR

VERSUS

PATRICIA MCCOY JONES


**********

APPEAL FROM THE
BUNKIE CITY COURT
PARISH OF AVOYELLES, NO. 2013-26
HONORABLE JAMES HOWARD MIXON, CITY COURT JUDGE

**********

**JOHN D. SAUNDERS**
**JUDGE**

**********

Court composed of John D. Saunders, James T. Genovese, and Phyllis M. Keaty, Judges.


**REVERSED AND RENDERED.**


**Dan B. McKay, Jr.**
**Attorney at Law**
**404 Walnut Street**
**Bunkie, LA 71322**
**(318) 346-2336**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **Roxann Robar**

**Cory P. Roy**
**Brandon J. Scott**
**Benjamin D. James**
**Roy & Scott Law Offices**
**P. O. Box 544**
**Marksville, LA 71351**
**(318) 240-7800**
**COUNSEL FOR DEFENDANT/ APPELLEE:**
  **Patricia McCoy Jones**

**SAUNDERS, Judge.**

Plaintiff, Roxann Robar (hereafter "Robar"), appeals the judgment of the trial court in favor of Defendant, Patricia McCoy Jones (hereafter "Jones"). For the following reasons, we reverse the judgment of the trial court and render judgment in favor of Plaintiff.

**FACTS AND PROCEDURAL HISTORY:**

The facts giving rise to the instant appeal are not in dispute. Jones owned a building and business named La De Da Boutique. Robar and Jones orally agreed that Robar would purchase the building, together with the inventory within, for $35,000. The parties did not execute a written contract. In connection with that oral agreement, Robar gave Jones a check dated December 5, 2012, for $5,000, and requested that Jones hold the check. Jones then removed the "For Sale" sign from the property and informed a potential lessee that she would not be leasing the boutique. On December 10, 2012, Robar gave Jones permission to deposit the check. Subsequently, in late December 2012 or January 2013, Robar informed Jones that she did not wish to complete the sale and requested a return of the $5,000. By certified mail dated March 14, 2013, Robar demanded return of the $5,000. Jones did not return the $5,000; Robar filed suit against Jones on April 18, 2013, for the return of the $5,000.

A bench trial was held on November 6, 2013. At the conclusion of trial, the matter was taken under advisement. On February 12, 2014, written reasons were issued, followed by a signed judgment on April 14, 2014, which denied Robar;s claims and dismissed her suit. Robar filed a Motion for New Trial, which the trial court denied. Robar appealed. On appeal, Robar asserts the trial court committed legal error in relying on jurisprudence predating the current version of La.Civ.Code art. 2624; therefore, the trial court legally erred in finding that the $5,000 given to

Jones was forfeited under La.Civ.Code art. 2624 because the parties had no oral or written agreement designating the $5,000 as earnest money. We find that this assertion has merit. For the following reasons, we reverse the judgment of the trial court and render judgment in favor of Robar.

**STANDARD OF REVIEW:**

> It is well settled in Louisiana that the findings of fact of the trial court will not be disturbed on appeal unless they are manifestly erroneous or clearly wrong. *Stobart v. State, through D.O.T.D.*, 617 So.2d 880 (La.1993); *Rosell v. ESCO*, 549 So.2d 840 (La.1989); *Lawson v. White*, 01-1173 (La.App. 3 Cir. 2/6/02); 815 So.2d 958. As long as the findings of the trial court are reasonable in light of the record, the appellate court may not reverse even if it would have weighed the evidence differently as a trier of fact. *Sistler v. Liberty Mut. Ins. Co.*, 558 So.2d 1106 (La.1990); *Lawson*, 01-1173; 815 So.2d 960-61.

> On the other hand, when reviewing a question of law, the appellate court must simply decide whether the trial court was legally correct or incorrect. *Jim Walter Homes, Inc. v. Jessen*, 98-1685 (La.App. 3 Cir. 3/31/99); 732 So.2d 699 (citing *Ducote v. City of Alexandria*, 95-1269 (La.App. 3 Cir. 7/17/96); 677 So.2d 1118.) "If the trial court's decision was based on its erroneous application of law, rather that on a valid exercise of discretion, the trial court's decision is not entitled to deference by the reviewing court." *Kem Search, Inc. v. Sheffield*, 434 So.2d 1067, 1071-72 (La.1983); *Jim Walter Homes, Inc.*, 98-1685, p. 5; 732 So.2d at 702. In fact, the appellate court must conduct a *de novo* review of the entire record when it finds a reversible error of law or manifest error. *Rosell v. ESCO*, 549 So.2d 840 (La.1989); *Lasha v. Olin Corp.*, 625 So.2d 1002 (La.1993); *Jim Walter Homes, Inc.*, 98-1685; 732 So.2d 699.

*Love v. E.L. Habetz Builders, Inc.*, 01-1625, p. 4 (La.App. 3 Cir. 6/26/02), 821 So.2d 756, 760-61. "[W]hen appellate courts find that a reversible error of law or manifest error of material fact was made in the lower court, appellate courts are required to redetermine the facts de novo from the entire record and render a judgment on the merits." *Bennett v. State Farm Ins. Co.*, 03-1195, p. 3 (La.App. 3 Cir. 3/24/04), 869 So.2d 321, 325.

**DISCUSSION:**

Louisiana Civil Code Article 2623 provides, in pertinent part (emphasis added):

> An agreement whereby one party promises to sell and the other promises to buy a thing at a later time, or upon the happening of a condition, or upon performance of some obligation by either party, is a bilateral promise of sale or contract to sell. *Such an agreement gives either party the right to demand specific performance.*

Louisiana Civil Code Article 2624 defines earnest money in connection with a contract to sell and provides:

> A sum given by the buyer to the seller in connection with a contract to sell is regarded to be a deposit on account of the price, unless the parties have expressly provided otherwise.

> If the parties stipulate that a sum given by the buyer to the seller is earnest money, either party may recede from the contract, but the buyer who chooses to recede must forfeit the earnest money, and the seller who so chooses must return the earnest money plus an equal amount.

> When earnest money has been given and a party fails to perform for reasons other than a fortuitous event, that party will be regarded as receding from the contract.

Comment (a) to La.Civ.Code art. 2624 (emphasis added) states , in pertinent part:

> This Article is new. Though it restates the principle contained in Civil Code Article 2463 (1870), *it departs from the former jurisprudential rule according to which a sum of money given in connection with a contract to sell, even when named a "deposit" by the parties, must be regarded as earnest money.* See Maloney v. Aschaffenburg, 143 La. 509, 78 So. 761 (1918). See also Breaux v. Burkenstock, 165 La. 266, 115 So. 482 (1928). Under this Article, thus, *when the parties' intention is that a sum of money be given as earnest they must clearly express that intention.*

In addition, we refer to the discussion of Professors Dian Tooley-Knoblett and David Gruning pertaining to earnest money, which explains:

> Though the Civil Code's provision on earnest money has always been clear as to the legal effects of earnest, it did not originally provide criteria by which to determine whether an amount given by

3

the buyer to the seller in connection with a contract to sell should be classified as earnest money or as a true deposit. *The 1995 sales revision filled this legislative gap by providing that any sum given by the buyer to the seller in connection with a contract to sell will be considered earnest money only if the parties have expressly provided. The Code now makes clear the parties are required to opt into earnest money. If the parties have not expressly stipulated that a sum given by the buyer to the seller is earnest money, it is not considered earnest money, but a true deposit.*

The adoption of this rule in the 1995 sales revision was intended to legislatively overrule contrary pre-revision jurisprudence that had treated any amount given by the buyer to the seller as earnest money, unless the parties had expressly reserved their right to specific performance. . . . *Since 1995, any amount given to the seller by the buyer in connection with a contract to sell is merely a deposit* which neither negates the availability of specific performance nor fixes the amount of damages that might be recovered from a party who has breached the contract.

24 D. Tooley-Knoblett & D. Gruning, Louisiana Civil Law Treatise: *Sales* §5:11

(2014)(footnotes omitted)(emphasis added).

In its written reasons, the trial court stated (emphasis added):

Under the previous law, particularly Article 2483 of the Louisiana Civil Code, a sum of money given in connection with a contract to sell, even when named a "deposit" by the parties, must be regarded as earnest money. Under the new Article 2624 of the Louisiana Civil Code, a sum given by the buyer to the seller in connection with a contract to sell is regarded to be deposit on account of the price, unless the parties expressly provided otherwise. In the instant case, the Plaintiff agreed to sell both movable and immovable property. They agreed on a price. *There was no written contract between the parties and no mention of the right of specific performance or earnest money. In fact both parties testified that they were not familiar with earnest money.* The Plaintiff/Buyer did deposit the sum of $5,000[] and it was designated as such on her check. *Under the old law the money would have been regarded as earnest money. Under the new law, the money is regarded as a deposit on account of the price. The parties would have to expressly provide otherwise.* In the instant case, the Court is of the opinion that the Plaintiff/Buyer receded from the contract. There was no fortuitous event which caused her to recede. The decision to purchase another property is not a fortuitous event. So, what remedy does the Defendant/Seller have? To force specific performance, that remedy must be expressed by the parties in the contract to sell. The question of earnest money is a little more complicated. Under the old law, a deposit was presumed to be earnest money. Under the new law, the parties must express themselves as to earnest money. Two Third

Circuit cases which have not been reversed seem to shed some light. The Court in [*Bounds v. Makar*, 493 So.2d 268 (La.App. 3 Cir. 1986)], stated that money deposited on account of the purchase price is earnest money. The Court also stated that earnest money is the equivalent to stipulation for liquidated damages which bars the remedy of specific performance should either party decide to recede and thereby forfeit the amount of the deposit. The Court in the case of [*Sunbelt One v. Melian*, 509 So.2d 705 (La.App. 3 Cir. 1987] found that purchaser's deposit was earnest money because there was no provision indicating that the deposit was not earnest money.

So, the jurisprudence seems to say that for the remedy of specific performance to apply it must be expressly provided for by the parties. *If there is a deposit, then it seems to be earnest money unless the parties expressly provide that it is not.* One could also argue that as to the movable property, once the price and the object of the sale is agreed upon, the sale has taken place. However since this matter involved immovable property as well and the price was not broken down as to so much for movables and so much for immovable, it would seem that specific performance would not be a viable remedy for the Defendant/Seller since it was not expressed by the parties. Earnest money is liquidated damages should one party recede from a contract to sell. In the instance [sic] case, the Defendant/Seller did take the property off the market and testified that she had passed up on a lease with an option to purchase.

The trial court's written reasons clearly indicate that the judgment was based on jurisprudence that has been that was legislatively overruled by the 1993 amendment of La.Civ.Code art. 2624, which became effective in 1995. The error of law is plain. Accordingly, we review the record, apply La.Civ.Code art. 2624, as amended, and conclude that the $5,000 check was not designated earnest money and is, therefore, refundable.

Both Robar and Jones testified that they were not familiar with the concept of earnest money prior to the instant matter. In her testimony, Jones indicated to the examining attorney that they had not discussed whether the deposit was to be considered earnest money. Robar testified that the parties did not discuss whether the $5,000 would be returned or forfeited if the sale was not completed. Clearly, if the parties had not discussed the concept of earnest money at all, then they could not have expressly provided that the $5,000 would be considered earnest money.

Additionally, Robar testified that she intended the $5,000 to be for "[t]he purchase price of the building. Part of the purchase price of the building. And Thirty Thousand ($30,000) due at signing. Total was Thirty-five Thousand ([$]35,000)." Moreover, Jones testified that, when Robar informed her on January 21, 2013, that she no longer wished to conclude the sale, Jones told Robar to "think about it . . . and let me know, I will still put it . . . it will go towards the purchase price." Additionally, on the face of the check, "Deposit for La De Da" is written. Jones testified the notation on the check was written by Robar.

Jones asserts that, because the Civil Code does not recognize an oral agreement to buy and sell, La.Civ.Code art. 2624 does not apply. She asserts that the agreement should not be viewed as an agreement to buy and sell, but as an option, whereby Robar "retain[ed] the sole right to purchase [the] property" and Jones agreed to remove the property from the market in exchange for consideration of $5,000. Jones argues that such an agreement need not be in writing, as "retention of the availability of the movable property . . . provided Ms. Robar with the consideration she sought by paying the $5,000.00."

The record does not support the conclusion that the parties agreed to such a contract. Robar testified that she understood the oral agreement to bind her to purchase the building from Jones and to bind Jones to sell her the building. She further testified that Jones promised her the $5,000 would be applied to the purchase price of the building, but that the building would not be sold to anyone else. Jones testified that, when she first learned Robar no longer wished to complete the sale, she requested that Robar "think about it" and promised Robar that she would "still put it . . . towards the purchase price." The record is clear that the parties intended that the $5,000 to be a deposit on the purchase price and that

6

they did not contemplate that Jones would remove the property from the market in exchange for $5,000.

Alternatively, Jones asserts that, as it pertains to the movable inventory, the sale was perfected at the time the parties agreed on the thing and the price, despite the facts that the inventory had not yet been delivered to Robar or the price paid. She additionally asserts that "an oral agreement purporting to transfer both movable and immovable property is only unenforceable as it concerns the conveyance of the immovable property but remains valid relating to the sale of the movable property if the transfer of the immovable property was not a principal cause of the contract[,]" citing *Dunham v. Dunham*, 467 So.2d 555 (La.App. 1 Cir.), *writ denied*, 469 So.2d 989, and *writ denied*, 469 So.2d 990 (La.1985), and *Crain v. Dore*, 578 So.2d 555 (La.App. 3 Cir.), *writ denied*, 581 So.2d 694 (La.1991). We disagree. The record does not support the conclusion that the parties agreed to a current sale as it pertained to the inventory. The testimony referenced above clearly indicates that the parties contemplated a future sale and that the $5,000 was a deposit on the purchase price of that future sale. It is clear that the parties did not contemplate that ownership of the movables would be immediately transferred in exchange for $5,000. Moreover, we find that the testimony establishes that the parties' primary cause in entering into the oral agreement was to bind one another to buy and sell the building. The record is replete with references to the building but very few to the inventory. Thus, Jones' reliance on the cited cases is misplaced.

In light of the foregoing, we find that the record establishes that the parties intended the $5,000 to be a deposit on the purchase price of the building, together with the inventory and was not intended to be earnest money, an option contract, or

7

a current sale of the movable inventory. We now turn to whether Jones, nonetheless, is entitled to keep the $5,000.

A contract to sell "gives either party the right to demand specific performance." La.Civ.Code art. 2623. However, the parties may negate the availability of specific performance by contracting that money paid in connection with such a contract is earnest money. Professors Tooley-Knoblett and Gruning further explain:

> Louisiana's earnest money provision imparts two principles. First, earnest money serves to quantify the liability of a party who recedes from a contract to sell. Second, earnest money implicitly negates the availability of specific performance by designating (and assessing) damages as the liability of the party who recedes.
>
> Since earnest money fixes the quantum of damages owed by the party who recedes from a contract to sell, it functions in the same manner as stipulated damages.
>
> . . . .
>
> The 1995 sales revision treats any sum given to the seller by the buyer in connection with a contract to sell as a deposit. Under this suppletive or default scheme, *an aggrieved party may seek either specific performance or dissolution upon the other party's breach. If the aggrieved party elects dissolution, then that party may seek compensatory damages.* The claimant must prove that he has sustained damages which are recoverable in accordance with general contract principles.

24 D. Tooley-Knoblett & D. Gruning, Louisiana Civil Law Treatise: *Sales* §5:11 (2014)(footnotes omitted)(emphasis added).

Jones may seek the remedy of specific performance or dissolution of the contract and compensatory damages. However, Jones has neither pled nor proved the existence of the obligation,[1] as is required by La.Civ.Code art. 1831, the grounds for non-performance, or damages. Therefore, we find that, in connection

---

[1] Although the parties do not dispute that there was an oral agreement to buy and sell, we note that a contract to purchase or sell immovable property must be in writing to be enforceable. *See* La.Civ.Code art. 2623; La.Civ.Code art. 1839.

with the oral agreement to buy and sell the building known as La De Da Boutique and the inventory therein, Robar is entitled to a return of the $5,000.

## DECREE

In accordance with the principles above, we find that the trial court committed legal error in finding the $5,000 was forfeited by Robar. Therefore, we reverse the judgment of the trial court and render judgment in favor of Plaintiff, Roxann Robar, and against Defendant, Patricia McCoy Jones, in the amount of $5,000. All costs of this proceeding are taxed to Defendant, Patricia McCoy Jones.

**REVERSED AND RENDERED.**