(114 So. 586)

No. 27798.

**SCHLUTER v. GENTILLY TERRACE CO.**

Oct. 31, 1927.

*(Syllabus by Editorial Staff.)*

1. **Specific performance ⚖121(11)—Evidence showing purchaser defaulted under contract to purchase realty and canceled contract precluded specific performance.**

In suit for specific performance of contract to purchase realty and in alternative to recover for damages for vendor's failure to convey, evidence showing that purchaser was in default for several years in payment of notes, that tender by purchaser of balance due was not made within terms of agreement and no extension of time was granted purchaser, and that he had canceled contract precluded purchaser from compelling specific performance of contract.

2. **Specific performance ⚖97(3)—Tender of balance due under contract to sell realty not equaling amount due, plus interest and taxes, and coming too late, held unavailing to purchaser suing for specific performance (Code Prac. art. 407).**

In suit for specific performance of contract to sell realty, tender by purchaser of balance due on contract which was not equal to balance due, including accrued interest and taxes, and which was made too late, was without avail, under Code Prac. art. 407.

3. **Specific performance ⚖100—Purchaser canceling contract and refusing to make payments required cannot after several years compel specific performance after land has increased in value.**

Where purchaser failed to notify vendor that he had withdrawn original surrender of contract to purchase realty and refused to pay anything, notwithstanding vendor's demands for payment, but persisted in cancellation of acceptance of agreement, purchaser cannot after several years compel specific performance of contract when land has increased in value.

Appeal from Civil District Court, Parish of Orleans; Hugh C. Cage, Judge.

Suit by Paul Schluter against the Gentilly Terrace Company. From a judgment of dismissal, plaintiff appeals. Affirmed.

Prowell, McBride & Ray, of New Orleans, for appellant.

Daly & Hamlin, of New Orleans, for appellee.

LAND, J. On November 9, 1914, plaintiff entered into an agreement, or "bond for deed" contract, with defendant, Gentilly Terrace Company, to sell to him 3 lots in square No. 25 on the map of said company, for a consideration of $1,800.

As required by the terms and conditions of the contract, plaintiff paid the sum of $50 cash, and executed as the balance of the purchase price 117 promissory notes, each for $15, and payable monthly on or before the first day of each month.

Alleging the payment of the first note falling due, on April 5, 1915, and of each succeed-

ing note at maturity, up to and including the fourteenth note, and the granting of additional time by defendant for the payment of the balance of the notes, plaintiff avers that he had not been placed in default in the manner required by the contract between the parties, and seeks to compel defendant to a specific performance of its contract with him.

As a basis for this demand, plaintiff alleges a tender on October 28, 1925, to defendant of the sum of $2,600, the total amount estimated to be due by him at the time on the deferred payments under the contract, and the refusal by defendant to accept same.

In the alternative, plaintiff avers that he would have sold the property in question at the price of $4,875 at the date of the tender, had not defendant company, in bad faith, prevented this sale by its refusal to accept the balance due on the deferred payments, and to deliver to plaintiff a deed.

Plaintiff alleges a loss of $2,318 resulting from the breach by defendant of its contract and prays, in the alternative, for judgment for this amount as damages.

From a judgment dismissing plaintiff's suit at his cost, the present appeal is prosecuted.

Defendant, in its answer, denies the allegations contained in plaintiff's petition, and specially avers that the plaintiff himself surrendered all of his payments made under the agreement to sell and canceled the same of his own volition.

[1] At the date of the suit, October 29, 1925, plaintiff had paid, in addition to the cash payment of $50, only 14 notes of $15 each, or a total of $260 on the agreed purchase price of $1,800. The first of these notes fell due April 1, 1915, and the last of the 14 notes matured May 1, 1916. Calculating from the latter date, the last of the remaining 103 notes would have fallen due December 1, 1924. It is clear that the tender by plaintiff on October 28, 1925, of $2,600, as balance due to defendant, was not made within the terms of payment stipulated in the agreement to sell. Nor does the evidence show that extensions were granted to plaintiff by defendant up to the date of the tender.

On January 31, 1917, defendant wrote plaintiff a letter requesting him to resume his payments.

On February 4, 1917, plaintiff replied as follows:

"Gentilly Terrace Co., 801–803 Maison Blanche Bldg., City—Gentlemen: As I have surrendered all I paid on these lots, I consider the matter closed."

On February 6, 1917, defendant insisted in a letter that plaintiff carry out his part of the agreement. On February 13, 1917, defendant threatened suit. On August 16, 1921, defendant made demand upon plaintiff for payment of the city taxes on the lots for the year 1921, amounting to $37.14, an obligation which plaintiff had assumed in the agreement to sell, beginning on and after January 1, 1914.

On March 27, 1922, defendant notified plaintiff that he was then six years' delinquent in his payments, and, unless a substantial payment was made by April 10, 1922, the company would be forced to cancel its contract with him.

On April 14, 1922, defendant wrote to plaintiff the following letter:

"Dear Sir: Referring to the bond for deed made to you by this company on November 9, 1914, for lots Nos. 34, 35, and 36, in square No. 25 of Gentilly Terrace subdivision of this city, we beg leave to notify you that as you have failed to make payments agreed by you in said bond for deed to be made, to wit, those which fell due on June 1, 1916, and on the first day of each month thereafter until the present time, we hereby exercise the option given us in said bond for deed to forfeit as liquidated damages, for your failure to make such payments, all payments heretofore made by you prior to your default.

"This is to give you the 30-day notice of our election to take such action as provided in said bond for deed, and we further advise you that at the expiration of the 30 days, we shall return

to you all of the unpaid notes given by you, mentioned in said bond; or, if before the expiration of the 30 days you desire to accede to the within action, we shall return to you the unpaid notes at once.

"If you wish within the 30 days to pay the delinquent notes and interest thereon, the contract will remain in full force."

On May 15, 1922, defendant addressed the following letter to plaintiff:

"Dear Sir: Inclosed herewith you will find 103 promissory notes, being Nos. 15 to 117, inclusive, dated November 9, 1914, being part of a series of notes given by you to the order of this company in connection with a certain bond for deed for lots Nos. 34, 35, and 36, in square No. 25 of Gentilly Terrace subdivision of this city, and referred to in our letter to you of April 14, 1922, as being the unpaid notes to be returned to you. Please take note that the return of these notes to you completes the cancellation by us of the agreement existing between us."

While plaintiff testified that he had no recollection of receiving the letters mailed to him and dated March 27, 1922, April 14, 1922, and May 15, 1922, he does not deny positively that he received them.

From the evidence in the record, it is patent that plaintiff had violated his contract with defendant company for years by failure not only to pay the monthly installment notes as they fell due, but also by failure to pay the taxes on the property, as he had obligated himself to do.

It is well settled that a contemplated purchaser, under an agreement to sell, who is in default because of failure to make payments in accordance with the terms of contract, cannot compel specific performance of such contract. Pruyn v. Gay, 159 La. 981, 106 So. 536; Joffrion v. Gumbel, 123 La. 391, 48 So. 1007.

[2] The tender made by plaintiff in this case was not only too late, but it was not in a sum equal to the balance due on the property, including accrued interest and taxes, which amounted to $2,915.64, from the year 1915 to 1925. The tender is therefore without avail to plaintiff. Pruyn v. Gay, 159 La. 986, 106 So. 536; C. P. art. 407.

[3] At no time did plaintiff notify defendant that he had withdrawn his original surrender of the contract. Notwithstanding repeated demands for payment by defendant, plaintiff refused to pay anything and persisted in the cancellation of his acceptance of the agreement to sell, from February 4, 1917, to the date of the tender, October 28, 1925, at which time the value of lots in Gentilly Terrace evidently had increased.

Plaintiff cannot be permitted to play the role of "watchful waiting" all of these years, without performing his obligation, and to reap, at this late date, the benefit of it in speculative values.

As said by this court in Joffrion v. Gumbel. 123 La. 404, 405, 48 So. 1012, quoting a well-recognized rule:

"The general rule is that he who seeks performance of a contract for the conveyance of land must show himself ready, desirous, prompt, and eager to perform the contract on his part. Therefore unreasonable delay in doing these acts which are to be done by him will justify and require a denial of relief. No rule respecting *the length of delay which will be fatal to relief* can be laid down, for each case must depend on its peculiar circumstances [citing authorities].

"It is equally well settled that one who seeks specific performance of such a contract must institute his suit within a reasonable time, and before any material change affecting the interest of the parties has taken place. Penrose v. Leeds, 46 N. J. Eq. 294, 19 A. 134. * * *

"It *would* be an unwarrantable exercise of discretionary power to allow one holding a mere option to purchase to lie by for so long a time and speculate upon the fluctuating values of urban lots, and, after a substantial increase in their value, to enforce a conveyance in his favor at the original price now inadequate."

Plaintiff, being without right to compel specific performance, is necessarily without right to claim and recover damages from defendant for the difference in price at which plaintiff might have disposed of the lots, had deed been made to him by defendant, when demanded by plaintiff.

No demand has been made by plaintiff in his petition for the restitution of the part of the purchase price paid by him.

Judgment affirmed.