(118 So. 817)

No. 27815.

**POWELL v. CODIFER & BONNABEL, Inc., et al.**

Oct. 29, 1928. Rehearing Denied Nov. 26, 1928.

Wm. Winans Wall, of New Orleans, for appellant.

Suthon, Zengel & Daigle, of New Orleans, for appellee Codifer & Bonnabel, Inc.

F. Rivers Richardson, of New Orleans, for appellee Bonnabel Land Co., Inc.

ROGERS, J. On October 21, 1916, plaintiff, then a feme sole, entered into an agreement, styled "bond for deed" with Codifer & Bonnabel, Inc., selling agent, and Alfred Bonnabel, owner, to purchase for a consideration of $1,000, lots Nos. 26 and 27 of square No. 3, Bonnabel Place, in Jefferson parish. In accordance with the terms of the contract, plaintiff paid $100 in cash on account of the purchase price, and obligated herself to pay the balance of $900 in 36 consecutive monthly installments of $25 each. She made payments at irregular intervals during the period ending September 13, 1918, after which her payments ceased entirely. All the payments were made by plaintiff at the office of Codifer & Bonnabel, Inc., the seller named in the instrument, and, including the initial installment of $100, amounted, in the aggregate, to $550.

In the so-called bond for deed, plaintiff declared she resided at No. 417 Royal street, in the city of New Orleans. A few months after the agreement was signed she moved out on Canal street. Later she left New Orleans for a period of five or six months, and, on returning, married a man named Powell. She never notified the other parties to the contract of her change of domicile nor of her marriage and consequent change of name. In the language of the court below, she "simply dropped out of sight" until her reappearance as the plaintiff in the present action.

On May 30, 1923, plaintiff brought this suit against Codifer & Bonnabel, Inc., as selling

agent, and the Bonnabel Land Co., Inc., the vendee of Alfred Bonnabel, as owner, to enforce specific performance of the contract, or, in the alternative, to recover damages in the sum of $3,000 for its nonexecution. The court below dismissed the suit, and plaintiff appealed.

The evidence leaves no room for doubt that the defendants were desirous of having plaintiff continue her payments, so that, upon the entire indebtedness being liquidated, she would receive a title to the property. As late as July and September, 1919, Codifer & Bonnabel, Inc., wrote plaintiff two letters, directed under registered cover, to No. 417 Royal street, which was her address designated in the agreement, and the only one known to the defendants. These letters were returned by the authorities of the local post office because plaintiff could not be found. The letters, which are identical in terms, called plaintiff's attention to the arrears in her payments, requested her to pay the amount of the past-due installments to save herself from loss, which the writer of the letters was anxious to avoid, and notified her that, if she did not do so by a given date, the contract would be canceled, and the amount paid in would be appropriated as liquidated damages. Further efforts of defendants to locate plaintiff were wholly unsuccessful. Two years later, to wit, on April 6, 1921, the defendants made a bond for deed to Mrs. J. M. La Salle, in which they agreed to sell the lots in question for $1,400, and within a few months thereafter the prospective purchaser, having paid the purchase price in full, received a formal deed to the property. Subsequently, all property on Metarie ridge, on which Bonnabel Place is situated, rapidly advanced in value, and at the date of the trial of the present suit (December 16, 1925) the property in question was estimated to be worth at least $7,500. This fact is obviously the explanation of plaintiff's belated demand for the enforcement of the agreement which she entered into on October 21, 1916.

█ The agreement between the parties was not a sale. It was merely an agreement of sale in which defendants obligated themselves to execute a warranty deed, at the end of 36 months, conveying to defendant certain property, free of all incumbrances, on condition that she had paid in monthly installments the balance of the purchase price. Plaintiff failed to comply with the condition, abandoning the contract in the fall of 1918. This abandonment was acquiesced in by the defendants, which, after they had vainly endeavored to get in touch with the plaintiff, sold the property to Mrs. La Salle in the month of April, 1921.

█ Plaintiff herself, being in default, cannot enforce specific performance of the contract. Joffrion v. Gumbel, 123 La. 391, 48 So. 1007; Pruyn v. Gay, 159 La. 982, 106 So. 536; Schluter v. Gentilly Terrace Co., 164 La. 663, 114 So. 586. Nor, in lieu of specific performance of the contract, is she entitled to the recovery of damages. Schluter v. Gentilly Terrace Co., Id. In the case last cited we remarked that:

"Plaintiff cannot be permitted to play the roll of 'watchful waiting' all of these years, without performing his obligation, and to reap, at this late date, the benefit of it in speculative values."

Our remarks in that case apply with equal force to the case at bar.

Plaintiff is not suing for the recovery of the amount paid by her on account of the purchase price; hence our decision in Heeb v. Codifer & Bonnabel, Inc., 162 La. 139, 110 So. 178, is not appropriate to the issue presently before us.

For the reasons assigned, the judgment appealed from is affirmed, at appellant's cost.