ELLIS, Judge.
On February 8, 1967, Floyd P. Borne leased to Smith Enterprises, Inc., certain immovable property for a term of one year, beginning on February 1, 1967, and ending on February 1, 1968. The stipulated rental was $300.00 per month, payable in advance on the first day of each month. The lease also contained the following language:
“For and in consideration of the here-inabove described rental payments, Lessee is hereby granted an irrevocable option to purchase the hereinabove described real estate for the full sum of THIRTY THOUSAND AND NO/100 DOLLARS, which option herein granted to Lessee shall be exercisable at anytime during *10 the term of this lease. If the Lessee desires to exercise the option herein granted, he shall send a registered letter to the Lessor, addressed to the latter, at Box 306, Prairieville, Louisiana, and in such event, the act of sale of the herein-above described property shall be passed before purchaser’s Notary in not less than sixty (60) days, nor more than eighty (80) days from the date of posting of the said registered letter.”
The first of these suits is by Smith against Borne to compel specific performance under the option to purchase which it claims was validly exercised by it. The second suit is by Borne against Smith for cancellation of the lease and payment of some $2045.00 allegedly due as rent under the lease. From adverse judgments in each suit, Smith has appealed to this court.
All of the facts in this case have been stipulated by the parties. It appears from the stipulation that only the rental for February, 1967, the first month of the lease, has been received by Mr. Borne. The March rental was forwarded to him, by registered mail, on March 3, 1967, but he .refused to accept the letter. On March 7, 1967, Smith filed suit seeking to enjoin Borne from interfering with his possession of the leased premises. A preliminary injunction was issued on March 22, 1967, as prayed for. Smith has remained in possession of the disputed property since that time.
A check for the April rent was sent to Mr. Borne by Smith, but Smith’s bank refused to honor the check when presented because of insufficient funds. No demand was made by Borne upon Smith to make the check good.
On April 12, 1967, Smith wrote to Borne, by registered mail, advising that Smith wished to exercise the option to purchase, and fixing a date and place for passing the act of sale. Borne failed to appear on that date.
On September 7, 1967, judgment was rendered in the first suit, holding that the lease was still in full force and effect, and that Smith had not breached the terms thereof. This judgment became final, without appeal.
On September 12, 1967, Smith once again sent a registered letter to Borne, advising him that it still wished to exercise the option to purchase, and setting a time and place for the sale. On October 17, 1967, Borne wrote Smith demanding $1945.00 in back rent, and refusing to honor the option to purchase because of Smith’s failure to pay the rent.
On October 25, 1967, Smith filed the first of these suits against Borne, for specific performance of the sale of the property to him. He denied any rental was due, but deposited $1945.00 in the registry of the court in the event the court should find any rental due.
On November 10, 1967, Borne filed the second of these suits against Smith, demanding cancellation of the lease and the payment of back rent.
It is clear that, under the judgment of September 7, 1967, the lease was in full force and effect between the parties as of April 12, 1967, when Smith attempted to exercise the option. We believe this judgment to be binding on the parties hereto, and, since it has become final, will not look behind it. Therefore, the fact of the nonpayment of the rent is not material herein unless it relates to the validity of the option. Both parties agree that no further rent would be due once there had been a valid exercise of the option.
Borne takes the position that since the consideration for the option is said to be the payment of the rent under the lease, and the rent was not in fact fully paid up at the time the option was exercised, there is a failure of consideration of the option contract. He also relies on the following language from the case of Schluter v. Gentilly Terrace Co., 164 La. 663, 114 So. 586 (1927):
“It is well settled that a contemplated purchaser, under an agreement to sell, *11 who is in default because of failure to make payments in accordance with the terms of contract, cannot compel specific performance of such contract.”
The Schluter case deals with an entirely different factual situation, and a different type of contract. Further, in this case there is a final judgment holding that Smith had not breached the terms of the lease.
We further note that Smith was never put in default under the lease until long after the option was exercised by him. The lease expresses that payment of the rent is to be made at a place designated by lessor, but there is no evidence that any such place was ever designated. In such a case, payment is to be made either at the leased premises or the dwelling of the lessee, and the lessor is obliged to call for it. Civil Code, Article 2157. Edwards v. Standard Oil Co. of Louisiana, 175 La. 720, 144 So. 430 (1932). There is no showing that lessor fulfilled this part of his obligation.
We are also of the opinion that the lease and option to purchase, being part of the same agreement, are inseparable and that, so long as the lease is in full force and effect, so must be the option. See Kingberger v. Drouet, 149 La. 986, 90 So. 367 (1922).
Borne also points out that the option agreement includes a provision that 25% of the monthly rental payments made, up until the date the option is exercised, will be applied to the purchase price. He contends that this is earnest money, and that Smith is therefore not entitled to specific performance under the provisions of Article 2463 of the Civil Code, which provides :
“But if the promise to sell has been made with the giving of earnest, each of the contracting parties is at liberty to recede from the promise; to wit: he who has given the earnest, by forfeiting it; and he who has received it, by returning the double.”
This argument is without merit. Earnest money is money deposited at the time an agreement of sale is made. No such deposit was made in this case.
Since we are of the opinion that the lease and option were in full force and effect at the time Smith exercised the option, we hold that he is entitled to specific performance thereof. We further note that Borne has withdrawn from the registry of the court the sum of $1945.00 deposited therein by Smith, to which he is not entitled, and which must be returned.
The judgment appealed from in the case of Smith Enterprises, Inc. v. Floyd Borne is reversed, and there will be judgment in favor of Smith Enterprises, Inc. and against Floyd Borne, ordering that defendant specifically perform that portion of the lease in which Smith Enterprises, Inc. was given the option to purchase the hereinafter described property for the price of $30,000.00, on the following terms:
“Twenty-Five Per Cent (25%) of all monthly rental payments made hereunder up until the date the option to purchase is exercised shall be applied to the purchase price of the hereinabove described property. For the remaining purchase price Lessee agrees to pay in cash that sum which added to the Twenty-five Per Cent (25%) of the monthly rental applied to the purchase price will equal Ten Thousand and no/100 ($10,000.00) Dollars, and the remaining Twenty Thousand and no/100 ($20,000.00) Dollars, due and payable, Lessee agrees to subscribe his one (1) certain promissory note made payable to the order of Lessor, payable in One Hundred Nineteen (119) consecutive monthly installments of One Hundred Sixty-six and 66/100 ($166.66) Dollars, and one final installment of One Hundred Sixty-seven and 46/100 ($167.46) Dollars, said note bearing interest at the rate of Six Per Cent (6%) per annum, interest payable monthly. Said promissory note to be *12 secured by a mortgage on the herein-above described property.”
The property to be conveyed is described as follows:
“A certain tract of land situated in the Parish of Ascension, and being a fractional portion of the Southwest Quarter of the Southwest Quarter of Section 36, Township 8 South, Range 2 East, Southeastern District of Louisiana, and being designated as Lot No. 1 in the act of partition between Oliver White et als, dated April 14, 1945 and recorded in C.O.B. 83, folio 80 of Ascension Parish, Louisiana; and said Lot No. 1 is more particularly described as commencing at a point on the Baton Rouge-New Orleans Airline Highway (North and east side thereof) to the point marked A on the plat of said land annexed to an act of partition erferred to hereinabove, thence measures in a general easterly direction a distance of 534.60 feet to the northwest corner of Lot No. 2 in said act of partition, then in a general southwesterly direction on a straight line to the Baton Rouge-New Orleans Airline Highway, then in a general southeasterly direction along said highway a distance of 205 feet to the point of beginning.
“A certain tract of land situated in the Parish of Ascension, being a fractional portion of the Southwest Quarter, Section 36, Township 8 South, Range 2 East, Southeastern District of Louisiana, being Lot No. Two (2) in the Act of Partition among Walter L. White et als, dated April 14, 1945, recorded in the Conveyance Records of Ascension Parish, Louisiana, and which said lot No. Two (2) is more particularly described as commending at the Northeast corner of Lot No. One (1) in said Act of Partition herein referred to and measures in a general Southwesterly direction to the said Airline Highway, thence in a general Northwesterly direction along said highway a distance of two hundred and five (205') feet, thence in a general Northerly direction to the Northeast corner of Lot No. 3 in said Act of Partition, then in a general Southerly direction a distance of three hundred sixteen and 80/100 (316.80') feet to point of beginning, with all buildings and improvements thereon.”
The said sale is to contain the customary warranties, and is to be passed within ten days from the date this judgment becomes final.
There will be further judgment in favor of Smith Enterprises, Inc. and against Floyd Borne, in the full sum of $1945.00 with legal interest thereon from date of its withdrawal until paid, and for all costs of these proceedings.
With respect to the suit for back rent, we find that Borne has never been paid the rent for March, 1967, although it was tendered to him. Neither has he received the rent for April, 1967. These two items total $600.00. The record further reveals that Borne received $455.00 in rents from a sub-tenant of the leased premises, which should have been paid to Smith, and for which credit must be given.
In the case of Floyd Borne v. Smith Enterprises, Inc., the judgment appealed from is reversed and set aside insofar as it orders the cancellation of the lease. There will be judgment in favor of Floyd Borne and against Smith Enterprises, Inc. in the sum of $145.00, together with legal interest from date of judicial demand until paid, and for all costs.