SARTAIN, Judge.
This is a suit to effect a partition of immovable property by licitation. Plaintiff, Emile R. Lambert, purchased a nine percent interest in the subject property at a tax sale. The heirs of Louis J. DeHass were named as defendants. Inasmuch as their identities and addresses were unknown a Curator ad Hoc was appointed to represent their interests and to effect service of process. The heirs of Reginald Johnson and Mrs. Evy Hurst Johnson, namely, Mrs. Ellen Johnson Granier, Mrs. Joyce Johnson DeBlanc, and Mrs. Helen Johnson Cedotal, intervened alleging that they had inherited the rights of their parents to a portion of the subject tract measuring one hundred feet in width by a depth of four hundred twenty feet, more or less.
It is conceded that the nine percent interest of the plaintiff is uncontested. However, the intervenors claim that their father purchased and/or had rights to a portion of the subject property by virtue of an agreement between their father and Louis J. DeHass, which instrument reads as follows:
“Sorrento, La.-February 23rd, 1942
“This is a receipt from Reginald Johnson in payment on a piece of property measuring 100 Ft. wide along Gravel Road Running West from Sorrento, and approximately 420 Ft. Deep.
“The property is described as being the N.W. Corner of the N.W. 14 of S.E. y4-Section 24-T10-3 E— in the town of Sor-rento.
“The Price of said lot is $150.00-monthly payments are to be made until the full amount is paid.
/s/ L. J. DeHass
DE HASS-EBY LUMBER COMPANY
Payments have been made as follows:
February 23rd- $30.00
March 7th 30.00
March 16th 30.00
March 23rd 15.00
March 30th 20.00
April 8th 10.00
April 18th 10.00”
This instrument was not recorded in the conveyance records of Ascension Parish until the date of the hearing of this case on the merits on May 1, 1968.
Further, by virtue of two federal tax liens filed against the property, one in the sum of $4,953.89 on February 26, 1947, and another in the amount of $831.79 filed on March 5, 1947, it was agreed by all parties that the property could not be divided in kind.
The trial court ruled that the plaintiff is the owner of an undivided nine percent of the property and the Succession of Louis J. DeHass is the owner of the remaining ninety-one percent and decreed a partition by licitation. A Notary Public was appointed for the purpose of administering the funds. Intervenors’ claims were “referred to the Succession proceedings of Louis J. DeHass to ascertain therein their claims against the proceeds, if any they had.” It is from this judgment that the in-tervenors appeal.
Intervenors contend that the aforementioned document of February 23, 1942, evidences a sale of Mr. DeHass’ interest in the property to their father. In doing so *913 they rely on Article 2456 [1] and claim that notwithstanding the fact that the agreement itself was not signed by their father, it nevertheless evidences the transfer of the property as it relates to themselves as heirs of Reginald Johnson and the heirs of Louis J. DeHass, claiming that as heirs of the original parties have acquired the rights and liabilities of thier respective ancestors.
We are not favored with oral or written reasons of the trial judge but it is apparent that he reserved unto intervenors any claim that they may have had to the property but directed that they proceed against the Succession of Mr. DeHass.
Inasmuch as the heirs of Mr. DeHass were contacted by the Curator ad Hoc and disclaimed any interest in the property or the proceeds to be derived from the sale thereof, the question for decision here is whether or not intervenors may participate in the distribution of the funds derived from the sale of the property to the extent of any claim they may have against the estate and Succession of Louis J. DeHass.
The testimony adduced at the hearing on the merits is to the effect that Mr. De-Hass’s signature to the document above referred to is genuine; that in 1942 their father endeavored to obtain from Mr. De-Hass a deed translative of title and that on one occasion he was ill but informed their father that he could proceed with the construction of a home thereon. Mr. Johnson cleared a portion of the property and had concrete blocks and lumber delivered to the site. The testimony as to the extent of his construction is conflicting. Intervenors testified that their father, in fact, laid the foundation for his house but had to leave the area because of his employment and did nothing further. Neighbors testified that all Mr. Johnson did was to have material delivered to the lot after he had cleared it. The material stayed on the lot for some six to eight years and because some of the material had been stolen, one of the intervenors moved the remaining blocks to her home. This was done in 1952 or 1953. The intervenors further testified that in 1946 their father endeavored again to obtain a deed from Mr. DeHass but was unable to do so. Mr. Johnson died in 1965. The record does not disclose when Mr. DeHass died. No claim was made against either Mr. DeHass or his succession until these proceedings were filed on March 4, 1966.
Considering the above facts and their relevancy to the instrument of February 23, 1942, and viewing the latter as favorably to intervenors’ position as possible, we must conclude that the same is an agreement to sell. The weakness of the instrument itself is apparent. It is a receipt for money paid on the date it was signed by the purported vendor and on six subsequent dates. While no sacramental language is required in a sale, the intention to effect an immediate transfer of title is essential. This intention is negated by the testimony of all concerned to the effect that Mr. Johnson made repeated efforts to consummate the transaction by a more formal instrument. For one reason or another his efforts to do so, the last in 1946, were to no avail. On one occasion when another individual endeavored to purchase the property from him, he replied that he could not sell the property because “he (Johnson) had no bill of sale.”
The law applicable to the facts presented in the case at bar is clearly set forth in Gibsland Supply Company, Inc. v. *914 American Employers Insurance Company, 242 So.2d 310 (2nd La.App., 1970), writs refused, 257 La. 987, 244 So.2d 858 (1971), from which we quote:
“[1] Appellant insurance company urges the sale ‘is considered to be perfect between the parties, and the property is of right acquired to the purchaser with regard to the seller, as soon as there exists an agreement for the object and for the price thereof, although the object has not yet been delivered, nor the price paid.’ (La.C.C. Art. 2456) That article deals with the sale of movables or with a contract for the sale of land, the latter of which may be enforced between the parties. When applied to the sale of land, if in writing, it may give either the vendor or the vendee an action for specific performance, but ownership does not pass until such action is taken.
“In Ober v. Williams, 213 La. 568, 35 So.2d 219 (1948), the Louisiana Supreme Court had this to say:
“ ‘The proposition advanced by plaintiff has been many times made and we find consistent rejection of it in a long line of authorities. In most of the adjudications, the party stressing the contention (that a promise to sell is a sale) placed much reliance on Article 2462 of the Civil Code which provides that “A promise to sell, when there exists a reciprocal consent of both parties as to the thing, the price and terms, and which, if it relates to im-movables, is in writing, so far amounts to a sale, — as to give either party the right to enforce specific performance of same.” But, in every case where the court has been faced with the question of determining ownership of the thing prior to the passage of title, it has consistently stated that the promise did not effect a transfer of ownership to the promisee.’
(See cases cited)”
While Mr. Johnson had a right to demand specific performance, he did not do so during the remaining twenty-three years of his life and intervenors did not endeavor to exercise this right until the instant suit was filed a year following their father’s death.
The right to demand specific performance is an equitable remedy afforded either the seller or purchaser. However, it is essential that the party desiring specific performance to such an agreement must judicially demand the same within a reasonable time or be deemed to have abandoned their right to do so. Port Arthur Towing Company v. Leveque, 247 So.2d 595 (3rd La.App., 1971), Joffrion v. Gumbel, 123 La. 391, 48 So. 1007 (1909); Schluter v. Gentilly Terrace Co., 164 La. 663, 114 So. 586 (1927); Davis v. McCain, 171 La. 1011, 132 So. 758 (1931); Powell v. Codifier and Bonnabel, Inc., 167 La. 97, 118 So. 817 (1928).
Clearly the delay in seeking specific performance by Mr. Johnson for some twenty-three years must be construed as an abandonment by him of his rights under the document of February 23, 1943, and precludes his heirs (intervenors) from doing so now.
Before we discuss intervenors’ alternative demands it should be noted that interve-nors’ appeal was devolutive and the record reveals that the property was sold on December 8, 1971, and the proceeds placed with the Notary appointed to complete the partition. The trial judge’s decision referring intervenors’ claims to the Succession of DeHass was, of course, rendered and signed prior to the sale. The procedural posture of the matter as of this date is that intervenors’ rights to the proceeds should be determined now. Their intervention in this action is, in fact, a claim against the Succession of DeHass and it would only result in repetitious litigation for us to *915 pretermit adjudication on their claims against the proceeds.
Accordingly, we now turn to inter-venors’ alternative demand for a refund of the $145.00 paid by their father to Mr. DeHass. The pleas of prescription filed by the attorney appointed to represent the heirs of Mr. DeHass were urged only to the extent of sharing any judgment against them personally. The record reflects, through the statements of the said attorney, that the heirs of Mr. DeHass have no other interest in the matter. They have not opened the succession nor accepted the same in any manner and are therefore not liable for any obligations of Mr. DeHass’s estate. Thus we hold that intervenors are entitled to a refund, to be paid out of the funds derived from the sale of the property partitioned by licitation herein. This sum, however, is subordinate to any prior recorded liens against the property, and court costs.
Accordingly, for the foregoing reasons, the judgment of the District Court is affirmed insofar as it ordered the sale of the property to effect a partition by licitation; decreed plaintiff, Emile R. Lambert, to be the owner of nine percent of the property and the Succession of Louis J. DeHass as the owner of the remaining ninety-one per cent; the appointment of a Notary Public to administer the distribution of the funds; and the amount awarded to the attorney to represent the absentee heirs; however, that portion of the judgment reserving unto intervenors the right to proceed against the estate and succession of Louis J. DeHass by asserting their claims against the proceeds from the sale is amended and judgment is rendered herein in their favor in the sum of $145.00 to be paid out of the proceeds derived from the sale of the property.
All costs of these proceedings are to be paid out of the proceeds derived from the sale of the property.
Affirmed in part, reversed in part and rendered.

. Art. 2456. Completion of contract by agreement as to object and price
Art. 2456. The sale is considered to be perfect between the parties, and the property is of right acquired to the purchaser
with regard to the seller, as soon as there exists an agreement for the object and for the price thereof, although the object has not yet been delivered, nor the price paid.