GASKINS, J.
liThe defendant, Sharon Miles Tolintino, appeals from a trial court ruling denying her motion for summary judgment and granting summary judgment in favor of the plaintiff, James A. Young, ordering specific performance of an agreement to buy and sell property. For the following reasons, we affirm the granting of the summary judgment and remand to correct the judgment.
FACTS
On December 6, 2005, the parties entered into an agreement to buy and sell property. The defendant had a partial ownership interest in two pieces of property in south Bossier Parish. One tract was located in Sections 33 and 34, Township 17 North, Range 11 West. The other was located in Sections 3 and 4, Township 16 North, Range 11 West. The plaintiff agreed to purchase all the defendant’s interest in these tracts for $400 per acre. There were mineral royalty payments of $1,500 per month on the tract in Sections 33 and 34. One-half of the mineral interest was to be transferred to Mr. Young for the price of $27,000. No mineral income was present on the other property; all mineral interests in that tract were to be conveyed to the plaintiff.
Mr. Young agreed to transfer to Ms. Tolintino not less than two acres fronting Chinanook Road in Section 3, Township 16 North, Range 11 West for $5,000 per acre and the minerals were reserved. He paid partial consideration of $1,000 to Ms. To-lintino to be applied to the purchase price. The closing was to be scheduled as soon as reasonably possible.
|2Ms. Tolintino claims that on January 20, 2006, she met with Mr. Young at his place of business and told him that she wanted to revoke the buy and sell agreement. She asserted that she tried to refund to Mr. Young the $1,000 he paid in consideration of the agreement, but he refused to accept the money or release her from the agreement.
On February 9, 2006, Mr. Young sent a letter to Ms. Tolintino, informing her that the survey of the property had been completed. He gave her the option to cancel the agreement by returning his money by 5:00 p.m. on February 17, 2006. Otherwise, the contract would remain in effect and they would proceed with the closing. *837 Ms. Tolintino did not return the money-paid by Mr. Young in accordance with the deadline. The buy and sell agreement was filed into the Bossier Parish records on February 22, 2006.
According to Ms. Tolintino, in May and August 2006, she again attempted to refund the $1,000 to Mr. Young and he refused to accept it, maintaining that he was also entitled to repayment for the cost of surveying the property subject to the agreement. Ms. Tolintino claims that on June 5, 2007, a certified letter was mailed to Mr. Young stating her wish to revoke the contract and enclosing a check for $1,120.60, the original $1,000 plus interest. She asserts that Mr. Young did not claim that letter, but he did receive another letter and refund check on July 6, 2007, that she sent to him. Mr. Young’s attorney said that his client did not cash the check. Approximately three months later, on October 15, 2007, Mr. Young’s |8attorney said that his client did not want to rescind the agreement and that suit would be filed within 15 days.
On July 10, 2008, Mr. Young filed a petition for specific performance, alleging that the defendant failed to move forward with the agreement. On July 31, 2008, Ms. Tolintino answered, insisting that the agreement was dissolved and the obligation terminated when she gave the $1,000 back to Mr. Young, with interest. She also claimed that he did not set the closing within a reasonable time as required by the contract.
On October 9, 2008, Mr. Young filed a motion for summary judgment, claiming that Ms. Tolintino did not tender his money until after the deadline set in his letter. Because she waited too long to attempt to cancel the agreement, he argued that the agreement was still in effect. He claimed that there is no genuine issue of material fact and that he is entitled to specific performance of the agreement. In opposition to this motion, Ms. Tolintino responded that there was a genuine issue of material fact as to whether she revoked the buy and sell agreement before it was accepted.
On November 3, 2008, Ms. Tolintino filed a motion for summary judgment, contending that in January, May and August 2006, she tried to return Mr. Young’s money, but he declined to release her from the agreement until she paid for the survey of the property which she refused to do. She maintained that the agreement between the parties was a revocable offer to sell the property and that she revoked her offer by attempting to refund Mr. Young’s money.
|4A hearing on the motions was held in the trial court on January 12, 2009. Mr. Young argued that the contract to buy and sell in this case is a completed contract and not an offer to sell the property. He urged that cancellation of the agreement did not occur within the time limit he set in his letter. Ms. Tolintino claimed that she frequently traveled between Louisiana and California and there was no showing that she received Mr. Young’s demand letter in a timely fashion.
The trial court found that the parties had a valid buy and sell agreement, not an offer to sell. Accordingly, the trial court ruled in favor of the plaintiff and rejected the claims of the defendant. A judgment granting Mr. Young’s motion for summary judgment, ordering specific performance, and denying Ms. Tolintino’s motion, was signed and filed January 12, 2009. Ms. Tolintino appealed.
SUMMARY JUDGMENT
Ms. Tolintino argues that the trial court erred in granting summary judgment in favor of Mr. Young and denying her motion for summary judgment. She maintains that the agreement between the par *838 ties was a revocable offer to sell and not a completed agreement to buy and sell. According to Ms. Tolintino, the time limit for closing was specified only “as soon as reasonably possible.” She claims that the ambiguity of this phrase created a genuine issue of material fact, making the granting of summary judgment in favor of Mr. Young inappropriate.
Ms. Tolintino also asserts that the issue of whether she revoked her offer to sell the property is a genuine issue of material fact. She argues that ^acceptance of the offer required closing on the sale. Because there was no acceptance, she maintains that there was no enforceable agreement. Ms. Tolintino urges that she revoked her offer to sell and the revocation was effective when the buyer received it prior to acceptance. She claims that the agreement was abrogated and any obligation between the parties was extinguished.
Legal Principles
Summary judgments are reviewed de novo on appeal using the same criteria that govern a district court’s consideration of whether summary judgment is appropriate; whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. Louisiana Safety Association of Timbermen-Self Insurers Fund v. Louisiana Insurance Guaranty Association, 2009-0023 (La.6/26/09), 17 So.3d 350.
A motion for summary judgment will be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B).
In 1997, the legislature enacted La. C.C.P. art. 966(C)(2), which further clarified the burden of proof in summary judgment proceedings. This provision first places the burden of producing evidence for summary judgment on the mover (normally the defendant), who can ordinarily meet the burden by submitting affidavits or by pointing out the lack of factual support for an essential element of the opponent’s case. At that point, the | Bparty who bears the burden of persuasion at trial (usually the plaintiff) must come forth with evidence (affidavits or discovery responses) which demonstrates he or she will be able to meet the burden at trial. Henderson v. Homer Memorial Hospital, 40,585 (La.App.2d Cir.1/27/06), 920 So.2d 988, writ denied, 2006-0491 (La.5/5/06), 927 So.2d 316.
Once the motion for summary judgment has been properly supported by the moving party, the failure of the nonmoving party to produce evidence of a material factual dispute mandates the granting of the motion. Henderson v. Homer Memorial Hospital, supra.
When a contract can be construed from the four corners of the instrument, interpretation of the contract presents a question of law that can be decided on summary judgment. Sims v. Mulhearn Funeral Home, Inc., 2007-0054 (La.5/22/07), 956 So.2d 583.
A contract is formed by the consent of the parties through offer and acceptance. La. C.C. art. 1927. An offer not irrevocable under La. C.C. art. 1928 may be revoked before it is accepted. La. C.C. art. 1930. A revocation of a revocable offer is effective when received by the offeree pri- or to acceptance. La. C.C. art. 1937.
Discussion
Ms. Tolintino argues that she is entitled to summary judgment because the agreement between the parties was not a contract to buy and sell property under *839 La. C.C. art. 2623, but a revocable offer to sell under La. C.C. art. 1937 that could be accepted only by closing on the sale. She claims that she revoked the offer before it was accepted by Mr. Young and J^therefore, there is no contract between them and he is not entitled to specific performance.
We find that the trial court correctly found that the agreement between the parties was not a revocable offer to sell under La. C.C. art. 1937. The document is entitled, “Agreement to Purchase and Sell.” It provides:
Pursuant to our discussion, this letter is to summarize our agreement for the sale of lands in which you have partial ownerships in south Bossier Parish, Louisiana. The Tolintino property which is to be transferred are [sic] located in the following sections:
Sections 33 and 34, Township 17 North, Range 11 West
Sections 3 and 4, Township 16 North, Range 11 West
It is our agreement that Young is to purchase all of the Tolintino interests in the above described lands on the basis of $400 per acre. Additionally, mineral royalty income is present in sections 33 and 34 averaging $1,500 per month to Seller. One-half of the mineral interest will be transferred to Young. The purchase price is $27,000 for one half of the minerals. No mineral income is present in sections 3 and 4; all interest in these sections will be conveyed.
In return, James Young will transfer to Tolintino, not less than 2 acres fronting Chinanook road in Section 3, Township 16 North, Range 11 West. The site is immediately adjacent [to] the east side of Bracks Chapel Church and will front not less than 100 feet on the asphalt roadway. This property will be transferred on the basis for $5,000 per acre and minerals reserved.
For consideration in this agreement, $1,000 is paid to Sharon Miles Tolintino as part consideration which will be applied to the purchase price at closing. Closing will be as soon as reasonably possible. It is acknowledged that James A. Young is a licensed Louisiana real estate broker and is acting for his own account.
IsThe agreement at issue here is not a revocable offer to sell under La. C.C. art. 1937, but is a bilateral promise or contract to sell under La. C.C. art. 2623. That article provides:
An agreement whereby one party promises to sell and the other promises to buy a thing at a later time, or upon the happening of a condition, or upon performance of some obligation by either party, is a bilateral promise of sale or contract to sell. Such an agreement gives either party the right to demand specific performance.
A contract to sell must set forth the thing and the price, and meet the formal requirements of the sale it contemplates.
There is no argument that the agreement failed to meet the requirements set forth in La. C.C. art. 2623 for a valid contract to sell. As provided in La. C.C. art. 2623, a contract to sell must set forth the thing and the price and meet the formal requirements of the sale it contemplates. Because the sale contemplated here was one of immovable property, it was required to be in writing. The agreement in this matter specifically described the immovable property that Ms. Tolintino would convey to Mr. Young. The amount of money to be paid by Mr. Young was set forth. The agreement further requires Mr. Young to transfer property to Ms. Tolintino. In the agreement, that property is described as follows:
*840 In return, James Young will transfer to Tolintino, not less than 2 acres fronting Chinanook road in Section 3, Township 16 North, Range 11 West. The site is immediately adjacent [to] the east side of Bracks Chapel Church and will front not less than 100 feet on the asphalt roadway. This property will be transferred on the basis for $5,000 per acre and minerals reserved.
Regarding the exchange of property, the description contains a reference to the amount of land to be conveyed by Mr. Young to Ms. Tolintino. The ^section, township, and range are included along with a description of the front boundary along Chinanook Road and the specification that the front boundary will include not less than 100 feet on the asphalt roadway. The description also provides that the property is on the east side of Bracks Chapel Church. The tract was described with reference to landmarks such as roads, benchmarks, or other monuments which can be located or a survey commenced at some established point. See Martin v. Blister, 37,011 (La.App.2d Cir.7/23/03), 850 So.2d 1106, wit denied, 2003-2374 (La.11/21/03), 860 So.2d 550; Copellar v. Yount, 344 So.2d 1114 (La.App. 3d Cir. 1977). This description is sufficient to fully set forth the thing to be conveyed or exchanged in the agreement to buy and sell.
The instrument at issue here is a completed contract to sell with an offer to transfer ownership of property in exchange for a specified amount of money and the transfer of property owned by Mr. Young. Ms. Tolintino’s acceptance of the terms of the agreement was evidenced by her signature on the document. Therefore, Ms. Tolintino’s actions in attempting to return Mr. Young’s money to abrogate the agreement did not constitute the revocation of a revocable offer. The trial court correctly denied her motion for summary judgment.
Ms. Tolintino also claims that the trial court erred in granting summary judgment in favor of Mr. Young and in ordering specific performance of the contract to buy and sell because the agreement required that the “Closing will be as soon as reasonably possible.” She maintains that this phrase created ambiguity in the agreement between the parties. We hndo not find any genuine issue of material fact as to ambiguity in the agreement regarding the meaning of closing “as soon as reasonably possible” or as to whether Mr. Young sought to enforce his right to specific performance of the contract to buy and sell within a reasonable time.
As stated in Joffrion v. Gumbel, 123 La. 391, 48 So. 1007 (1909):
The general rule is that he who seeks performance of a contract for the conveyance of land must show himself ready, desirous, prompt, and eager to perform the contract on his part. Therefore unreasonable delay in doing these acts which are to be done by him will justify and require a denial of relief. No rule respecting the length of delay which will be fatal to relief can be laid down, for each case must depend on its peculiar circumstances.
[[Image here]]
It is equally well settled that one who seeks specific performance of such a contract must institute his suit within a reasonable time, and before any material change affecting the interest of the parties has taken place.
See also Bellestri v. Clark, 239 La. 713, 119 So.2d 836 (1960); Davis v. McCain, 171 La. 1011, 132 So. 758 (1931); Powell v. Codifer & Bonnabel, Inc., 167 La. 97, 118 So. 817 (1928); Schluter v. Gentilly Terrace Co., 164 La. 663, 114 So. 586 (1927); *841 Pruyn v. Gay, 159 La. 981, 106 So. 536 (1925); Cognevich v. Blazio, 159 La. 1019, 106 So. 550 (1922); Goudeau v. Daigle, 37 F.Supp. 843 (E.D.La.1941), affirmed, 124 F.2d 656 (5th Cir.1942), cert. denied, 316 U.S. 695, 62 S.Ct. 1290, 86 L.Ed. 1765 (1942); Dewenter v. Mott, 27 So.2d 444 (La.App. 1st Cir.1946); Cresson v. Earhart, 164 So. 152 (La.App.Orleans 1935).
Further, under La. C.C. art. 2623, there is no requirement that a time limit be stipulated within which to close the sale. See Miller v. Miller, 335 So.2d 767 (La.App. 3d Cir.1976). See also Official Revision Comments (b) to Article 2623 (1993).
The undisputed facts in this matter show that in December 2005, the parties entered into an agreement to buy and sell property. In January 2006, slightly more than one month later, Ms. Tolintino informed Mr. Young that she wished to rescind the agreement. In February 2006, Mr. Young outlined his conditions for abrogating the agreement and gave Ms. Tolintino a deadline for compliance. She failed to meet the deadline. However, in May and August 2006, Ms. Tolintino informed Mr. Young that she still did not want to go through with the sale and made efforts to refund the $1,000 he had paid in consideration of the agreement. In June and July 2007, Ms. Tolintino sent letters to Mr. Young stating that she wished to dissolve the agreement and enclosed a check for Mr. Young’s money paid in consideration, with interest. While Mr. Young did not claim the letter in June 2007, he received Ms. Tolintino’s letter and check in July 2007. Mr. Young did not negotiate the check. On October, 15, 2007, approximately three months later, Mr. Young’s attorney said that his client did not want to rescind the agreement and that suit would be filed within 15 days.
The facts of this matter are not disputed and where there is any minor discrepancy, we have adopted Ms. Tolintino’s version of the facts. Within the first nine months after the agreement to sell was signed, Ms. Tolintino tried multiple times to terminate the contract. After Ms. Tolintino failed to meet the time and money conditions set by Mr. Young to terminate the contract, Mr. Young remained steadfast in his position that the agreement | lgto buy and sell should be honored. It was Ms. Tolintino’s reluctance to perform the agreement that resulted in the delay in its execution. Considering the communications between the parties and their attorneys, the period of two years and seven months between the signing of the agreement to buy and sell and the filing of suit for specific performance was a reasonable time period in which to execute on the contract.
Not only must the lawsuit be timely filed as explained in Joffrion, supra, but it also must be filed before any material change affecting the interest of the parties has taken place. Ms. Tolintino submitted no evidence to show any change in the interest of the parties or the valuation of the land. Any argument to the contrary is completely outside the record before us. We find that there is no genuine issue of material fact in this case. The record shows a valid contract to sell property. The trial court correctly granted summary judgment in favor of Mr. Young.
Reformation of Judgment
The Agreement to Purchase and Sell generally describes the properties to be sold or exchanged. The parties have not complained about these descriptions. As to the effect of the contract between the parties, there is no dispute as to the “thing” to be sold or exchanged.
La. C.C.P. articles 1919 and 2089 mandate that all judgments which affect title to immovable property shall describe with particularity the immovable property affected. The descriptions of the property *842 in the agreement do not describe the property “with particularity,” so that third parties can determine the boundaries of the properties. We, therefore, | ^remand this case to the trial court in order that the judgment be reformed to comport with La. C.C.P. articles 1919 and 2089.
CONCLUSION
For the reasons stated above, we affirm the trial court ruling denying summary judgment in favor of the defendant, Sharon Miles Tolintino, and granting summary judgment in favor of the plaintiff, James A. Young. We remand this case to the trial court for the reformation of the description of the immovable properties. Costs in this court are assessed to the defendant, Sharon Miles Tolintino.
AFFIRMED AND REMANDED WITH DIRECTIONS.
BROWN, C.J., and CARAWAY, J., dissent with written reasons.